```
 1                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
 2                        ALEXANDRIA DIVISION

 3   UNITED STATES OF AMERICA,      :   Criminal Action
                                    :   No. 1:25-cr-00272-MSN-1
 4                v.                 :
                                    :
 5   JAMES B. COMEY, JR.,           :   October 8, 2025
                                    :   9:56 a.m. - 10:23 a.m.
 6                Defendant.         :
                                    :
 7   ...........................:

 8    TRANSCRIPT OF INITIAL APPEARANCE AND ARRAIGNMENT PROCEEDINGS
            BEFORE THE HONORABLE MICHAEL S. NACHMANOFF,
 9                   UNITED STATES DISTRICT JUDGE

10   APPEARANCES:

11   For the United States:   UNITED STATES ATTORNEY'S OFFICE
                              Lindsey Halligan, U.S. Attorney
12                            Nathaniel Lemons, AUSA
                              Gabriel J. Diaz, AUSA
13                            2100 Jamieson Avenue
                              Alexandria, VA 22314

14
     For the Defendant:       CARMICHAEL ELLIS & BROCK
15                            Jessica Nicole Carmichael, Esquire
                              108 North Alfred Street, 1st Floor
16                            Alexandria, VA 22314

17                            PATRICK FITZGERALD (Solo
                              Practitioner)
18                            Patrick Joseph Fitzgerald, Esquire
                              Pro hac vice
19                            P.O. Box 277
                              New Buffalo, MI 49117

20
     Court Reporter:          Diane Salters, B.S., CSR, RPR, RCR
21                            Official Court Reporter
                              United States District Court
22                            401 Courthouse Square
                              Alexandria, VA 22314
23                            Email: Dianesalters.edva@gmail.com
                              Telephone: (301) 338-8033

24
     Proceedings reported by machine shorthand.  Transcript produced
25   by computer-aided transcription.
```

*Proceedings*

1      THE COURTROOM DEPUTY:  *United States v. James Comey*,

2   Case Number 25-cr-272.  Will the parties please note their

3   appearances for the record.

4      MR. LEMONS:  Good morning, Your Honor.  Tyler Lemons

5   for the United States government.

6      MS. HALLIGAN:  Lindsey Halligan.

7      MR. DIAZ:  Good morning, Your Honor.  Gabriel Diaz for

8   the United States.

9      THE COURT:  Good morning.

10      MR. FITZGERALD:  Good morning, Your Honor.  Pat

11   Fitzgerald, and it's the honor of my life to represent

12   Mr. Comey in this matter.

13      THE COURT:  Good morning.

14      MS. CARMICHAEL:  Good morning, Your Honor.  Jessica

15   Carmichael for Mr. Comey.

16      THE COURT:  Good morning.  Good morning to you all.

17   Thank you for being prepared.  This is the Eastern District of

18   Virginia.  A ten o'clock arraignment often will start at 9:55.

19      This matter comes for arraignment this morning.

20   Because this is Mr. Comey's first appearance in court, however,

21   we will go through the formalities of the initial appearance

22   pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

23   The purpose of the initial appearance is to advise the

24   defendant of the charges contained in the indictment, the

25   potential penalties for those charges, notify the defendant of

1    certain constitutional rights and the right to counsel.

2         First, I want to advise you, Mr. Comey -- if you will

3    stand -- that you have the right to remain silent, and that any

4    statements you may make may be used against you.  You also have

5    the right to an attorney, and if you cannot afford an attorney,

6    one will be appointed for you.  The record reflects, of course,

7    that you have retained counsel and your counsel are present

8    with you this morning.

9         With respect to the indictment pending against you,

10   you have been charged with two counts.  Count One charges you

11   with false statements within the jurisdiction of the

12   legislative branch of the United States, in violation of

13   Title 18, United States Code § 1001(a)(2), and Count Two

14   charges you with obstruction of a congressional proceeding, in

15   violation of Title 18, United States Code § 1505.  The maximum

16   penalties for both offenses are five years of imprisonment and

17   a fine of up to $250,000.

18        Let me confirm that you understand your rights and the

19   charges pending against you?

20        THE DEFENDANT:  I do, Your Honor.  Thank you very

21   much.

22        THE COURT:  Thank you.

23        Now turning to the arraignment itself, let me ask

24   defense counsel, Mr. Fitzgerald, if you've received a copy of

25   the operative indictment -- that is Docket Entry No. 1 -- and

1    have you had the opportunity to review the indictment with your

2    client?

3              MR. FITZGERALD:  Yes, Your Honor.  We have received

4    the indictment; I have reviewed it with my client; my client

5    wishes to waive a public reading; my client wishes to enter a

6    plea of not guilty; and my client asks for a jury trial.

7              THE COURT:  Very good.  Have you calculated the speedy

8    trial deadline in this matter?

9              MR. FITZGERALD:  Yes.  As it currently stands, I

10   believe December 17th appears to be the date without any

11   exclusions.

12             THE COURT:  That is the date that the Court has also

13   calculated.

14             Let me confirm that the government agrees the speedy

15   trial deadline would fall on December 17th.

16             MR. LEMONS:  Yes, Your Honor.

17             THE COURT:  All right.  Do the parties believe the

18   case can be tried within the speedy trial deadline?

19             MR. FITZGERALD:  Your Honor, it could, but we would

20   like to propose a trial date.  I think I'd like to give Your

21   Honor a sense of what our defense is and what that trial date

22   would be and how the motions would allow for the trial date,

23   which we would propose be January 12th, but if the Court would

24   allow, I shared what our defense theories were with government

25   counsel in a letter asking for documents and preservation of

1    documents, but if I could have a brief moment to outline how we

2    view the case and how we would stage motions in order to get to

3    that trial date.

4         THE COURT:  Well, let's do this in a procedural manner

5    that makes sense here.  My first question was whether or not we

6    need to set this case within the speedy trial deadline or

7    outside it, and what I'm hearing you say is that you're asking

8    for a date outside the speedy trial deadline; is that correct?

9         MR. FITZGERALD:  Yes, Your Honor, except that we would

10   propose motions be filed -- the government would propose

11   motions begin to be filed on October 20th and brief through

12   November 20th, so that 31-day exclusion would move the speedy

13   trial clock -- putting aside the time it takes to decide the

14   motion would push the speedy trial clock into January, and the

15   January 12th trial date would be within the speedy trial clock

16   once you allow for the time excluded for the briefing of

17   motions.

18        THE COURT:  All right.  Have you discussed a potential

19   trial date and a potential motions schedule with the

20   government, or is this a proposal that you're making for the

21   first time here?

22        MR. FITZGERALD:  We've briefly discussed it, Your

23   Honor.  The first substantive contact I've had with the

24   government was yesterday afternoon.  We had an exchange of some

25   requests back-and-forth, and I had told them that I would give

1  them responses if I had answers to some requests I made, which

2  we did not get substantive responses.  Before court,

3  Mr. Lemons -- I'll say Mr. Lemons and I -- actually, the whole

4  team spoke, and I told them that in our view, we wanted to get

5  this moving and we would like to propose dates starting with

6  October 20th through November 20th for briefing, realizing that

7  we haven't received a single piece of paper of discovery to

8  date, we still haven't been told who Person 3 and Person 1 are,

9  we don't know the nature of the charges below those charges,

10 and we've been asked whether we have security clearances; but

11 within that, my client is anxious to get to a speedy trial, and

12 we thought that by proposing a speedy trial motion schedule

13 from October 20th to November 20th, that would allow us to get

14 to the trial date of January 12th.  I will be clear, that was

15 my proposal that we spoke about 15 minutes ago.  They didn't

16 agree, so I think that's a fair statement of where we are.

17         THE COURT:  All right.  Let me hear from Mr. Lemons

18 with regard to the government's position, first, with regard to

19 whether this case should be set within the speedy trial

20 deadline or not.

21         MR. LEMONS:  Your Honor, we're in agreement with the

22 defense that this trial should not be set within the speedy

23 trial deadline of December 17th.

24         THE COURT:  All right.  And that's because you believe

25 that the issues are so complex or that there are issues that

*Proceedings*

1   make it impossible to resolve this with a trial date in

2   December?

3        MR. LEMONS:  That's part of it, Your Honor.  Part of

4   it is obviously honoring the defense's request for the later

5   trial date and understanding and wanting them to be -- have the

6   time adequate to prepare for trial, but also in -- it's no

7   discredit to Mr. Fitzgerald.  He's not -- and we're just

8   getting our hands around the discovery as well.  There is a

9   large amount of discovery which also includes classified

10  information, and that kind of gave rise to the classification

11  question to defense counsel.  So for those reasons, Your Honor,

12  we think it is appropriate for the trial to be set outside the

13  speedy trial clock.

14        THE COURT:  All right.  Well, I will tell you I'm a

15  little skeptical of that.  This does not appear to me to be an

16  overly complicated case.  There are two counts.  It's a

17  discrete set of facts.  I appreciate, though, and respect

18  counsel's desire to be well prepared on both sides for trial,

19  but had the parties come in here and asked for a trial date

20  within the speedy trial deadline, the Court was prepared to

21  give one.  Having said that, I'm not going to force you to go

22  to trial in December if both sides don't feel they can be

23  ready.  And so we can address that in terms of how much more

24  time is needed.

25        The issue of classified information is an important

1    one.  I am curious as to the government's view as to what role

2    that will play in ultimately how this case gets tried.  Do you

3    believe that it will play a significant role?

4            MR. LEMONS:  Your Honor, the government's position is

5    that at this time, there is a significant amount of classified

6    information, and our intent is to handle it as efficiently and

7    expeditiously as possible in communicating with Defense, but

8    also with an eye towards declassifying the information as

9    opposed to what could come with presenting classified

10   information at a federal criminal trial, if that makes sense,

11   Your Honor.

12           THE COURT:  All right.  Mr. Fitzgerald, let me ask you

13   about that and whether that's an issue you have discussed on

14   your side.  It sounds like there has not been a discussion

15   about CIPA or how classified information would be handled.  Do

16   defense counsel all have clearances at this time?

17           MR. FITZGERALD:  No, Your Honor.  Ms. Carmichael has a

18   clearance.  I had a clearance when I was with the government

19   and to a high level.  I have not had the clearance since I left

20   the government.  Mr. Comey himself had a high-level but does

21   not have the clearance anymore.  The first time that this CIPA

22   issue was raised was yesterday afternoon.  We have discussed

23   it.  We are a bit confused.  We see this as a simple case as

24   well, Your Honor, and, both, we don't see how this could be

25   walking into a buzz saw of classified information the way other

1    cases might.  We obviously still haven't been told precisely

2    what is in Count One and Count Two.

3            But, in addition, frankly, we would have thought in

4    the normal course when the government brings a case, they

5    address the classified information issues ahead of time,

6    coordinate within the national security section, and have a

7    plan.  And, frankly, we feel like in this case, the cart may

8    have been put before the horse, and my client would not like to

9    wait around unnecessarily while they go through things we think

10   that should have been done before.  And just to be clear, the

11   reason we wanted the trial date in January versus December

12   isn't to prepare for trial -- which I'll explain later -- it's

13   that we'd like certain dispositive motions addressed first in

14   the hope that a trial would be avoided, and I can explain that

15   later.  But we think the classified information issue should be

16   manageable from what we see of the charges, and we also think a

17   Section 2 conference might be appropriate in short order.

18            THE COURT:  All right.  Well, in light of the joint

19   request of the parties to set this matter outside the speedy

20   trial deadline, the Court will do so in the interest of

21   justice, especially in light of the government's representation

22   regarding the possibility of classified information playing

23   some role in this matter, and so I will set the matter outside

24   of the December 17th deadline.

25            The proposal is January 12th.  I think I would like to

*Proceedings*

1  move that up by a week to January 5th unless I hear a strong

2  objection from counsel.

3          MR. LEMONS:  No objection from the government, Your

4  Honor.

5          MR. FITZGERALD:  None from the defense.  Thank you,

6  Judge.

7          THE COURT:  And let me just ask -- again, we're at an

8  extraordinarily early stage of the proceedings -- how long do

9  the parties believe a trial would last?

10          MR. FITZGERALD:  I would like to hear from the

11  government since they know who Person 1 and Person 3 are and

12  the charges first.

13          THE COURT:  Well, it's the government's burden, so why

14  don't you tell me how long you think the trial would last.

15          MR. LEMONS:  Your Honor, the government's position is

16  we can complete this trial, from the government's perspective,

17  in two to three days.

18          MR. FITZGERALD:  That sounds right.  Our best guess

19  was two days, Judge.

20          THE COURT:  All right.  Well, that would certainly be

21  consistent with the way we try cases here in the Eastern

22  District of Virginia.  So I will set the trial date for a jury

23  trial on January 5th.

24          Now let's work backwards to address a motions schedule

25  that is both expeditious, but also realistic, and we will set

 1    aside the issue of classified information for a moment.  That's

 2    going to require a more involved discussion.

 3            So, Mr. Fitzgerald -- if you would like to come back

 4    to the podium -- you've suggested October 20th for motions to

 5    be filed; is that correct?

 6            MR. FITZGERALD:  Yes, certain motions, Judge.  I think

 7    that October 20th schedule, I would suggest, would be for the

 8    first tranche of defense motions, which would principally

 9    consist of a vindictive prosecution motion -- and whenever I

10    say "vindictive prosecution motion," Your Honor, I mean both

11    strands of the vindictive prosecution doctrine and the

12    selective prosecution doctrine, so it may be a retaliatory

13    prosecution where our view is that this prosecution was brought

14    at the direction of President Trump to silence a constant

15    critic of him.

16            At the same time that we would bring that motion, we

17    would like to bring a motion to challenge the lawfulness of the

18    appointment of Ms. Halligan as the United States attorney

19    because we think that's an unlawful appointment, and we think

20    that those two motions go together, and we think they're

21    critical for reasons I could explain.  And if we did those

22    motions on October 20th, I would propose that if the government

23    responded 14 days later, that would be November 3rd, and then

24    if we responded seven days later, that would be November 10th.

25            And then, Your Honor, we would go to the second round

1   of motions which we would write while they're responding to

2   ours, and I think that those motions, we're a little less

3   certain of precisely what motions they would be, but there

4   might be a *Bronston* literal truth defense motion.  There may be

5   a grand jury abuse motion, outrageous government conduct

6   motion, but those motions would be addressed to the indictment,

7   and we would propose to file the defense briefs on

8   October 30th.  So we'd file one set of briefs, and then ten

9   days, we turn around and file the second set.  The government's

10  response, if it's 14 days later, would be November 13th, and

11  our reply would be November 20th, and those sets of motions

12  would collectively be fully briefed by November 20th.

13          THE COURT:  All right.  Let me ask Mr. Lemons if you

14  have any objection to proceeding in that fashion.

15          MR. LEMONS:  There's no objection from the government,

16  Your Honor.

17          THE COURT:  All right.  I think that that is a

18  reasonable schedule, and I think it does make sense to do this

19  in two different tranches.  Ordinarily, we would have a single

20  motions hearing, but there are a variety of issues to address,

21  and I think it can be efficiently dealt with that way.

22          There is an additional wrinkle or complication, but

23  that will be easily dealt with, which is that any motion to

24  disqualify Ms. Halligan will be heard by an out-of-district

25  judge.  That is the process that has been followed in New

1    Jersey and Nevada, and the Court will follow that process here,

2    which means that a request will be made to Chief Judge Diaz of

3    the Fourth Circuit to appoint an out-of-circuit judge only to

4    address that issue.  That will not affect the scheduling of the

5    trial or the resolution of any other motions.  Of course, it

6    will be up to that judge to decide the particular scheduling in

7    that case and, certainly, your proposal of the 20th will be

8    reflected in this Court's order, but it would be up to that

9    judge to ultimately decide how to handle that specific issue.

10    And so the Court will proceed in that fashion.

11           As for oral argument on these motions, if I heard

12    correctly the dates -- and let me look at my calendar -- the

13    briefing would be complete on the first tranche of motions by

14    November 10th; and if that's the case, the Court is inclined to

15    set an oral argument on the 19th of November, which would give

16    us a prompt opportunity for resolution of those motions by the

17    19th.

18           With regard to the second tranche of motions, which

19    would be filed starting on October 30th and fully briefed by

20    the 20th of November, that puts us right in the middle of

21    Thanksgiving.  Although, certainly, there is precedent for this

22    Court holding hearings during that week, I'm not going to put

23    you all in that position, but I will set the hearing for the

24    9th of December.

25           So oral argument, then, will be heard on November 19th

1  and December 9th with a trial date of January 5th.  So I think

2  that addresses the scheduling of the trial and of motions.

3       Let me ask -- and I think I know the answer --

4  oftentimes in an arraignment, I will be handed up a joint

5  discovery order.  I take it that the parties do not have such

6  an order yet in this case; is that correct?

7       MR. LEMONS:  That is correct, Your Honor.

8       THE COURT:  All right.  And I take it there has not

9  been a substantial discussion of submitting a joint order; is

10  that correct?

11       MR. LEMONS:  Your Honor, we have circulated, I

12  believe, a standard that's often used and familiar to this

13  district in terms of hammering out the details.  The defense

14  and the government have not done that yet.  We discussed being

15  able to do that maybe today or at a later date, but I also

16  don't want to speak for the defense, Your Honor.

17       THE COURT:  Thank you.

18       MR. FITZGERALD:  Your Honor, we received a draft last

19  night at about 11:00 p.m.  I confess I was asleep, but I did

20  meet with the prosecution team, and we're happy to discuss it

21  further.  We would like to move that along just as much as

22  everyone else.

23       THE COURT:  All right.  Well, this is what I'm going

24  to do.  I am going to require that you have a substantial and

25  meaningful discussion about whether or not you can come to an

1    agreement on a comprehensive discovery order.  If you cannot do

2    so by the end of the week, by Friday, I will require that you

3    each submit a proposed discovery order by close of business on

4    Monday.  You may submit a brief along with that proposed order

5    setting out the reasons and justifications for asking the Court

6    to adopt whatever it is that you are proposing.  I don't want

7    briefs of more than ten pages on this issue.  The Court will

8    then issue a discovery order if you cannot come to an

9    agreement.  So I want to get that resolved promptly.

10           MR. FITZGERALD:  Your Honor, there's one matter I

11   should have mentioned.  In order to make our deadline of

12   November -- I'm sorry -- October 20th on the appointment issue,

13   we would like to see the appointment papers forthwith.  We

14   don't want to be shooting at the wrong target.  So given that

15   most appointment papers for United States attorneys are a page

16   or two, we would ask if we could have that forthwith so that

17   when we appear before whichever judge is designated to hear

18   that motion, we can be drafting our motion right now, but we

19   want to know what we're shooting at.

20           THE COURT:  I am sure the government will be able to

21   work out an appropriate accommodation.

22           MR. LEMONS:  Yes, Your Honor, absolutely.

23           THE COURT:  Very good.  And, again, the Court is not

24   asking for competing discovery orders.  The Court wants to make

25   sure that we resolve this issue promptly.  If you all can,

*Proceedings*

1  through professionalism and courtesy with each other, work

2  these things out, that's the Court's strong preference, and

3  it's often the case in this court that defense counsel and the

4  government can do that.  I see no reason why that can't be the

5  case here.  But I'm not going to let things linger, so if you

6  have a meaningful discussion and cannot reach full agreement,

7  that's the other option; you can submit a joint agreement as to

8  what you agree to, and then brief for the Court those few areas

9  of disagreement for the Court to resolve.  We'll make sure that

10  it's done promptly.  In order for the defense to be able to

11  file motions, they are going to have to have prompt access to

12  all of the necessary and relevant information that relates to

13  those motions.  I will not slow this case down because the

14  government does not promptly turn everything over, and the

15  government should have every interest in doing that.

16          MR. LEMONS:  Understood, Your Honor.

17          THE COURT:  Thank you.

18          Are there any other housekeeping matters with regard

19  to motions that we need to discuss at this time?

20          MR. FITZGERALD:  Your Honor, I will raise it with the

21  government.  I just want to make sure we expedite the process

22  of seeking clearances.  If I have to go through the court

23  security officer or if I go through the government, I just want

24  to move that along.

25          THE COURT:  Yes.  In addition to discussing the

*Proceedings*

1   discovery order, which includes the whole range of Rule 16 and

2   *Jencks* and *Giglio,* experts, and all of the other things that

3   are addressed in the standard order, I'm also directing the

4   parties to have a discussion immediately about access to

5   classified information, making sure that the Department of

6   Justice does everything in its power to ensure that defense

7   counsel is cleared to view those documents.  I know

8   Ms. Carmichael has had a number of national security cases in

9   this district in the last few months and has a current

10  clearance.  I cannot imagine that it would be difficult to

11  arrange that clearance for Mr. Fitzgerald, who has a long

12  history with the Department of Justice and I'm sure has had a

13  clearance for many, many years.  And I want you all to discuss

14  a CIPA procedure and submit a proposed joint schedule.

15          The government is going to be under an enormous amount

16  of pressure to figure out what really has to be done here.  You

17  are the only ones with access to the classified information,

18  and so we are going to find out absolutely as quickly as

19  possible if there is classified information that needs to go

20  through the CIPA process, or the government has within its

21  power to declassify documents and take that issue away

22  altogether and turn that information over in the regular course

23  of discovery.

24          This is a Court that has dealt with these issues for

25  many years, is familiar with them.  There should be no reason

*Proceedings*

1   that this case gets off track because of the existence of some

2   classified information.  Either it's not relevant to the case

3   or it can be declassified or we will go through the fastest

4   CIPA process you have ever seen in your lives.

5           Anything else with regard to discovery or motions?  I

6   appreciate the efforts of counsel to work together to find

7   dates that are realistic but also expeditious.

8           MR. FITZGERALD:  Nothing further from the defense.

9   Thank you, Judge.

10          MR. LEMONS:  Nothing from the government, Your Honor.

11          THE COURT:  All right.  Well, let's turn to the issue

12  of detention now.  I assume because the defendant was served

13  with a summons and has appeared today that the government is

14  not seeking detention; is that correct?

15          MR. LEMONS:  That's correct, Your Honor.

16          THE COURT:  And has the government received a copy of

17  the Pretrial Services Report, and do you have any objections,

18  modifications, or changes you wish to make to it?

19          MR. LEMONS:  We have no changes or modifications, Your

20  Honor.

21          THE COURT:  All right.  Thank you.

22          Mr. Fitzgerald, let me confirm that you've received a

23  copy of the Pretrial Services Report.

24          MR. FITZGERALD:  Yes, I have.

25          THE COURT:  And reviewed it with your client and have

*Proceedings*

| | |
|---|---|
| 1 | no changes, modifications, objections that you wish to make? |
| 2 | MR. FITZGERALD:  None whatsoever. |
| 3 | THE COURT:  Very good.  I will adopt the Pretrial |
| 4 | Services Report, the information in it and the recommendation |
| 5 | made, and I will place Mr. Comey on a personal recognizance |
| 6 | bond that he can sign after court.  And, of course, I require |
| 7 | Mr. Comey to return for trial and for any motions hearing.  I |
| 8 | don't believe there are any other conditions that have been |
| 9 | recommended or that are necessary in this case. |
| 10 | The final issue we have to address today is the Due |
| 11 | Process Protections Act.  Because this is the first appearance |
| 12 | of the defendant with counsel, the Court is required by the |
| 13 | Federal Rules of Criminal Procedure and the Due Process |
| 14 | Protections Act to remind the government of its obligations |
| 15 | under *Brady v. Maryland*, which requires the prompt disclosure |
| 16 | of all material exculpatory evidence, and that failure to turn |
| 17 | over such evidence may result in sanctions up to and including |
| 18 | dismissal of the charges. |
| 19 | Let me confirm that the government understands its |
| 20 | obligations under *Brady* and intends to abide by its |
| 21 | constitutional duties? |
| 22 | MR. LEMONS:  Your Honor, the government understands |
| 23 | its duties and intends to abide by its constitutional duties. |
| 24 | THE COURT:  All right.  Thank you very much. |
| 25 | Pursuant to the Due Process Protections Act and |

*Proceedings*

```
1   Federal Rule of Criminal Procedure 5(f), the Court, in addition
2   to doing this orally, is required to enter a written order, and
3   that order states as follows:  The Court orders the United
4   States to adhere to the disclosure obligations set forth in
5   Brady v. Maryland and its progeny.  Brady v. Maryland instructs
6   that the suppression by the prosecution of evidence favorable
7   to an accused violates due process where the evidence is
8   material either to guilt or to punishment irrespective of the
9   good faith or bad faith of the prosecution.  Failure to adhere
10  to this requirement may result in serious consequences up to
11  and including exclusion of evidence, adverse jury instructions,
12  dismissal of charges, contempt proceedings, disciplinary
13  action, or sanctions by the Court.  And the Court will enter
14  that order today, as is required by statute.
15          All right.  Is there anything further I need to
16  address with regard to this matter this morning on behalf of
17  the government?
18          MR. LEMONS:  Nothing further from the government, Your
19  Honor.
20          THE COURT:  Thank you.
21          Mr. Fitzgerald, anything on behalf of the defense?
22          MR. FITZGERALD:  No, Your Honor.  Thank you very much.
23          THE COURT:  All right.  So the trial has been set for
24  January 5th, the motions scheduling has been set as previously
25  articulated, and I will issue an order that reflects the dates
```

1    that we have discussed.

2            In a moment, we will recess court.  I'm going to ask

3    that the members of the public promptly exit the courtroom and

4    go directly to the elevators so that we can clear this floor.

5    I will ask counsel to remain at counsel table until the

6    courtroom is cleared.

7            I want to thank the Marshals and our court security

8    officers and my courtroom staff for helping make this a very

9    smooth proceeding today.

10           Court will be in recess until tomorrow.  Thank you,

11   Counsel.

12                       *      *      *      *      *

13

14                       CERTIFICATE OF REPORTER

15         I, Diane Salters, hereby certify that the foregoing

16   transcript is a true and accurate record of the stenographic

17   proceedings in this matter.

18                           /s/ Diane Salters

19                       _____

20                       Diane Salters, CSR, RCR, RPR
                          Official Court Reporter

21

22

23

24

25