IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **United States of America** ) | |
| ) | |
| v. ) | Case No. 1:25CR272 |
| ) | |
| **James Comey** ) | |
| ) | |
| **Defendant.** ) | |

## JAMES COMEY'S REPONSE TO GOVERNMENT'S MOTION FOR DISCOVERY ORDER

James Comey, by counsel, respectfully requests that the Court deny the government's request to alter the terms of the standard discovery order. There has been no mischaracterization about the discovery order, or any communications concerning it. In fact, after stating the defense mischaracterized an agreement, the government then goes on to explain the very issue of dueling interpretations of terms that the defense submitted to the Court with the standard discovery order. *See* ECF No. 27.

As the government correctly noted, "the government provided the defendant the standard EDVA discovery agreement …via email" on October 7, 2025. ECF No. 30 at 2. The government then correctly stated that "Without further discussions between the parties, at approximately 2:30 p.m., [October 8, 2025] the defendant informed the discovery agreement was signed and they did not 'see a need for the

3:00 call anymore.'" ECF No. 30 at 3. This was the standard discovery order that the government requested and the defense signed.

On October 10, 2025, while conferring about multiple matters, the government stated that its interpretation of "pretrial motions deadline" was the second pretrial motions date. The defense disagreed with that interpretation. As the government notes, emails were sent back-and-forth wherein the parties disagreed about whether there was a requirement to file the standard discovery order given that there was agreement as to the words, but disagreement as to their interpretation. *See* ECF No. 30 at 3.

In an effort to ensure compliance with the Court's Order (ECF No. 24), as well as to ensure efficiency and guard against delay, and after notifying the government it would do so, the defense filed the motion requesting entry of the standard discovery order and describing the disagreement of the parties as to interpretations. Both parties have described that same disagreement in the filings.

The first time the defense saw the government's altered version of the standard discovery order was the day it was filed on the docket. In it, the government asks this Court to authorize the government to determine which discovery is related to which defense motion and to piecemeal its production to that which pertains to each motion. *See* ECF No. 30 at 4.

Rule 16(a) requires the government to produce items that are material to preparing the defense. "[T]he government cannot take a narrow reading of the term 'material' in making its decisions on what to disclose under Rule 16. Nor may it put

itself in the shoes of defense counsel in attempting to predict the nature of what the defense may be or what may be material to its preparation." *United States v. O'Keefe*, No. CRIM. 06-0249 (PLF), 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007)(citing *United States v. Safavian,* 233 F.R.D. 12, 15 (D.D.C.2005)). Rule 16(a) requires all items that are material to be produced. This district's standard discovery order requires that production 5 days prior to the pretrial motions deadline. An exception should not be made here, and certainly not one that permits the government to assess the relevance of each particular piece of discovery to each defense motion.

Any discussion as to the proposed protective order in the government's filing is irrelevant to the discovery order. A separate motion will be filed concerning the limited disagreement of the parties on the protective order.

For all of these reasons, the Court should deny the government's request to deviate from the standard discovery order that the government requested at the outset.

Respectfully submitted,
JAMES COMEY
By Counsel
     /s/
Patrick J. Fitzgerald
Michigan Bar No. P86579 (*pro hac vice*)
Jessica N. Carmichael
Virginia Bar No. 78339
Carmichael Ellis & Brock, PLLC
108 N. Alfred Street, First Floor
Alexandria, Virginia 22314
(703) 684-7908
Patrickjfitzgeraldlawoffice@gmail.com
jessica@carmichaellegal.com

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of October I filed the foregoing pleading through the ECF system, which shall then send an electronic copy of this pleading to all parties in this action.

_____/s/_____
Jessica N. Carmichael
