IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES B. COMEY, JR.,<br><br>*Defendant*. | Criminal No. 1:25-CR-00272-MSN |

**PROTECTIVE ORDER**

Before the Court is the government's motion for entry of a protective order, which restricts the disclosure and dissemination of the documents, electronic records, and other information produced by the United States to the defendant as part of the government's discovery obligations in this case. These documents, electronic records, and other information ("Protected Materials"), shall be subject to the following Order:

1. The government shall disclose Protected Materials to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure, relevant case law, and any Discovery Order entered in the case. Where Protected Materials are produced electronically on disc, only the physical disc (and not the individual electronic files) must be labeled "PROTECTED MATERIALS."

2. This Order does not apply to discovery materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials or hearings, or materials that are publicly released by the U.S. Attorney's Office or the government of the United States; or materials that the defense obtains by means other than discovery.

3. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection in any other proceeding or against any third party that could or may be asserted by the holder of any such privilege or protection.

4. Access to Protected Materials shall be restricted to persons authorized by this Order, namely the defendant, the attorney(s) of record in this case, and the employees of the attorney(s) of record who are performing work on behalf of the defendant, as well as any consultants or experts assisting the attorney(s) of record in the preparation of this case.

5. The following restrictions are placed on the defendant, the defendant's attorneys, and the above-designated individuals, unless and until further ordered by the Court. The defendant, the defendant's attorney(s), and the above-designated individuals shall not:

    a. make copies of Protected Materials for, or allow copies of any kind to be made by, any other person;

    b. allow any other person to read Protected Materials; or

    c. use the Protected Materials or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

6. The defendant's attorney(s) and the above-designated individuals may share the Protected Materials with the defendant during in-person, virtual, and/or telephonic meetings, but shall not leave copies of Protected Materials with the defendant.

7. Upon written request and agreement from the Government, defendant's attorneys may leave portions of the Protected Materials with the defendant, consistent with the limitations provided in Paragraph 11. If the Government does not agree, defendant's attorney(s) may move the Court for final decision.

8. The defendant's attorney(s) shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

9. Nothing in this Order shall restrict use by the defendant's attorney(s) of Protected Materials or information during the defendant's investigation of the allegations and preparation of their defenses or introduction as evidence at trial, except that the Defense will notify the government prior to trial or any hearing of any Protected Materials that it wishes to introduce at trial or any hearing in this matter so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, the defendant's attorney(s) must redact any personal identifying information in the Protected Materials, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005, Local Rule Amendments Concerning Personal Identifiers.

10. Prior to the disclosure of any Protected Materials to a person not identified in Paragraph 4 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure.

11. Upon conclusion of this action, and to the extent consistent with the ethical responsibilities of defense counsel, the defendant' attorney(s) shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Materials within a reasonable period of time, not to exceed thirty days after the last appeal is final.

IT IS SO ORDERED.

_____
The Honorable Michael S. Nachmanoff
United States District Judge

Date: _____
    Alexandria, Virginia