# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMES B. COMEY, JR.** <br><br> *Defendant.* | Criminal No. 1:25-CR-272-MSN |

### (PROPOSED) FILTER PROTOCOL ORDER

Having considered the United States' Motion for a Filter Protocol Governing the Disclosure of Potentially Privileged Material and for good cause shown,

**IT IS ORDERED THAT**:

1. The United States' Motion is **GRANTED**, and the Filter Protocol Order (hereinafter, the "Protocol") set forth below governs the disclosure of Potentially Protected Material (hereinafter, "PPM")[1] to the Prosecution Team.

2. **Segregation of PPM and Disclosure of Non-PPM:**

   a. The Government's Filter Team[2] shall segregate identified PPM from the Prosecution Team unless the Court or the ostensible holder of the potential

---

[1] "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or protection.

[2] The Filter Team is comprised of Two Assistant United States Attorneys, and their support staff, from a separate federal district from the Eastern District of Virginia and the Eastern District of North Carolina. The Filter Team has a separate reporting and supervisory chain from the Prosecution Team and are not part of the Prosecution Team.

        privilege(s) or protection(s) (hereinafter, "Putative Privilege Holder") authorizes the disclosure of the PPM to the Prosecution Team.

    b. The Filter Team is authorized to disclose to the Prosecution Team discovery material that is not identified as PPM, as well as PPM over which the Putative Privilege Holder(s) do(es) not assert a privilege as outlined through this Protocol.

3. **Identification of PPM**: To identify PPM, the Filter Team shall apply the terms in Appendix A ("Attorney Terms") and terms in Appendix B ("Generic Terms"). The Filter Team is authorized to supplement these terms with any additional terms based on its review of the Material.

    a. Material hitting on terms in Appendix A will be presumptively considered to be PPM and will be segregated from the Prosecution Team and produced to the Putative Privilege Holder(s) for review as outlined in paragraph 4.

    b. Material hitting on terms in Appendix B may be reviewed by the Filter Team.

        i. Material identified as PPM will be segregated from the Prosecution Team and produced to the Putative Privilege Holder(s) for review as outlined in paragraph 4.

        ii. Material not identified as PPM may be disclosed to the Prosecution Team.

    c. The Filter Team is authorized to conduct reasonable further sampling of the material not hitting on terms in Appendix A or Appendix B to identify PPM.

4. **PPM Review and Privilege Assertion:** The Filter Team shall produce to the Putative Privilege Holder(s) the identified PPM for privilege review and assertion using the following procedure.

    a. <u>**Notice**</u>**:** The written notice to the Putative Privilege Holder(s) shall include:

        i. An electronic index identifying the PPM for disclosure; and

  ii. A copy of this Protocol.

b. **Objections**: If the Putative Privilege Holder(s) object(s) to the Filter Team's disclosure of certain items to the Prosecution Team, the Putative Privilege Holder must send a written objection to the Filter Team within three calendar days of receiving the notice of scheduled disclosure. The objection shall include a privilege log setting forth the following for each item logged:

  i. The Bates number range, if any, for the item;
  ii. The item title or a description of the item's subject matter;
  iii. The date the item was created;
  iv. The author(s) of the item;
  v. The recipient(s) of the item, if any;
  vi. Transmittal details of the item, if any;
  vii. The party asserting the potential privilege(s) and/or protection(s); and
  viii. The legally recognized privilege(s) and/or protection(s) asserted that preclude production of each item logged **and** a description sufficient to enable evaluation of that assertion, including the identity of any attorneys (or other persons) whose role(s) in the item at issue form(s) the basis for the assertion.

c. The Filter Team is authorized to disclose the submitted privilege log to the Prosecution Team.

d. **Non-Logged PPM:** Without the need for further Court approval, the Filter Team is authorized to disclose to the Prosecution Team the PPM for which the Putative Privilege Holder(s) do(es) not include an objection on the privilege log.

e. **Failure to Object or Assert:** If the Putative Privilege Holder(s) fail(s) to adequately object within three calendar days of the notice of scheduled disclosure, the Filter Team will provide the Prosecution Team with information regarding the Filter Team's attempts to contact the Putative Privilege Holder and the subsequent failure to respond. Thereafter, the Government may forego Subparagraphs (f)–(j) below and move the Court for a finding that the Putative Privilege Holder(s) has/have waived any privilege(s) and/or protection(s) over the PPM identified in the notice of scheduled disclosure.

f. **Failure to Comply:** If the Putative Privilege Holder(s) fail(s) to (i) provide to the Filter Team a privilege log that complies with Subparagraph (b) above, or (ii) meet and confer in accordance with Subparagraph (g) below, the Court may determine that such inactions constitute waiver of any privilege(s) and/or protection(s) over the PPM.

     g. **Meet and Confer Requirement:** The Filter Team shall have five calendar days from the receipt of any objection(s) and required privilege log to meet and confer with the Putative Privilege Holder(s) to try to resolve any disagreements concerning the objection(s).

     h. **Motion to Compel:** If, following the meet and confer process, the parties cannot resolve all disputes, the Filter Team may move the Court, under seal, to determine whether documents subject to a disagreement are privileged. Upon the Court's request, the Filter Team will provide a copy of the disputed PPM to the Court *ex parte* and under seal for *in camera* review.

     i. **Response:** The objecting Putative Privilege Holder(s) shall file a response within three calendar days of the filing of a motion to compel under this Protocol.

     j. **Reply**: A party moving to compel under this Protocol shall file a reply within three calendar days of the objecting Party's response.

5. A Putative Privilege Holder(s) may assert a claim over material previously identified and disclosed as non-PPM to the Prosecution Team by providing a written objection to the Prosecution Team detailing, with specificity, the impacted documents and basis of the asserted privilege(s) and/or protection(s). The Filter Team will promptly claw back the identified material from the Prosecution Team. The identified material will then be treated as PPM pursuant to Paragraph four (4).

6. The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol.

7. Pursuant to Federal Rule of Evidence 502(d), any PPM disclosed or produced under this Protocol or subsequent order in this proceeding, shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

8. All parties have the right to present to the Court any PPM to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver. Production pursuant to

this provision shall not be grounds for a waiver argument by the Government or any other party under Federal Rule of Evidence 502(d).

9. If any member of the Prosecution Team inadvertently reviews PPM, the Prosecution Team member shall immediately cease review of the PPM and notify the Filter Team for claw back and resolution in accordance with this Protocol. Inadvertent review of PPM shall not automatically disqualify a Prosecution Team member from this matter.

10. The Parties and non-parties subject to this Protocol may extend its deadlines by written agreement or by requesting the same from the Court upon good cause shown.

11. The Filter Team shall provide a copy of this Protocol to all non-parties who are Putative Privilege Holders of any PPM within ten (10) days of the entry of this Order, or upon identification of a Putative Privilege Holder other than the Defendant.

**SO ORDERED.**

_____
Date

_____
THE HONORABLE MICHAEL S. NACHMANOFF
U.S. DISTRICT COURT JUDGE

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMES B. COMEY, JR.** <br><br> *Defendant*. | Criminal No. 1:25-CR-272-MSN |

### Appendix A

### Attorney Terms

(Names of lawyer(s))

(Email addresses of lawyer(s))

(Phone numbers of lawyer(s))

(Names of law firm(s))

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMES B. COMEY, JR.** <br><br> *Defendant.* | Criminal No. 1:25-CR-272-MSN |

**Appendix B**

**Generic Terms**

A/C
Attny-client
Atty-client
General counsel
Associate counsel
Legally privileged
Legal privilege
Work Product
Attorney client
Attorney
Law firm
Law group
Law office
Law dep
Lawfirm
Lawgroup
Lawoffice
Lawsuit
Lawyer
Legal advice
Legal assistant
Legal representative
Legal secretary
Legal
Litigat
Paralegal
Prosecutor
Privilege