IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES B. COMEY, JR.,<br><br>   *Defendant*. | Criminal No. 1:25-cr-272-MSN |

ORDER

This matter comes before the Court on the government's First Motion for Protective Order (ECF 33) and Defendant James B. Comey Jr.'s response thereto (ECF 34).

The parties have submitted competing protective orders to govern discovery in this matter. ECF 33-1; 34-1. The government proposes prohibiting defense counsel from leaving discovery with Defendant and urges that all discovery should qualify as "Protective Material," "except for that portion of the discovery that is already carved out in Paragraph 2" of its proposed order. *See* ECF 33 at 2-3; ECF 33-1 at 2. For his part, Defendant provides further definition for what constitutes "Protected Material" and asks the Court to not impose additional restrictions on the provision of "Protected Material" to Defendant or defense counsel's ability to share "Protected Material" with prospective witnesses. *See* ECF 34 at 1-2; ECF 34-1 at 1-2.

The Court shares the government's concern regarding the possibility of inappropriate dissemination of sensitive information as well as Defendant's concern regarding his ability to defend himself, and both parties' interest in a fair trial. In balancing these considerations, the Court finds that the circumstances of this case do not support the government's proposed limitations on the sharing of "Protected Material" with Defendant or prospective defense witnesses, which would

unnecessarily hinder and delay Defendant's ability to adequately prepare for trial.[1] The Court further finds that the government's proposal does not sufficiently define the information constituting "Protected Material," thereby making it overbroad. *See, e.g.*, Order Denying Government's Unopposed Motion for Protective Order, *United States v. Manafort, et al.*, ECF 31, No. 1:18-cr-83 (E.D. Va. Mar. 27, 2018) (Ellis, J.) (denying government's unopposed motion for protective order covering all discovery produced by government because "the motion is insufficiently specific in describing the information to be subject to the requested protective order, which is, in the circumstances, excessively broad" and "throws an unnecessarily broad cloak of secrecy over documents and information to be disclosed in discovery").

Accordingly, it is hereby

ORDERED that the government's First Motion for Protective Order (ECF 33) is DENIED; and it is further

ORDERED that Defendant's proposed protective order (ECF 34-1) is ADOPTED and will be separately entered in an order to follow.

The Clerk of Court is directed to forward a copy of this Order to counsel of record.

**IT IS SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

October 13, 2025
Alexandria, Virginia

---

[1] The Court observes that protective orders entered in numerous other high-profile false statements cases, within and outside of this judicial district, do not contain such limitations. *See, e.g.*, Protective Order, *United States v. McDonnell, et al.*, ECF 46, No. 3:14-cr-12-JRS (E.D. Va. Feb. 6, 2014); Protective Order, *United States v. Kiriakou*, ECF 32, No. 1:12-cr-127-LMB (E.D. Va. April 13, 2012); *United States v. Libby*, ECF 22, No. 1:05-cr-394-RBW (D.D.C. Nov. 23, 2005); Protective Order, *United States v. Blagojevich*, ECF 67, No. 1:08-cr-888-JBZ (N.D. Ill. April 14, 2009); Protective Order, *United States v. Manafort, et al.*, ECF 46, No. 1:17-cr-201-ABJ (D.D.C. Nov. 15, 2017).