IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JAMES B. COMEY, JR.**<br><br>*Defendant.* | Criminal No. 1:25-CR-272-MSN |

## MOTION FOR EXPEDITED RULING

The United States of America, respectfully files this motion for an expedited ruling on government's motion for implementation of a filter protocol, filed on October 13, 2025. [DE 38]. An expedited ruling is appropriate to avoid potential delay in this case. The evidence for filter review could contain exculpatory or inculpatory evidence. The evidence for filter review could also inform a potential conflict and disqualification issue for the current lead defense counsel, Patrick Fitzgerald.[1]

## FACTUAL BACKGROUND

On September 25, 2025, the Defendant was indicted by a federal Grand Jury in the Eastern District of Virginia for making a false statement in violation of 18 U.S.C. § 1001 (Count One) and obstruction of justice in violation of 18 U.S.C. § 1505 (Count Two).

Evidence in the government's custody includes potentially protected material because the

---

[1] "[Bo]th the Sixth Amendment and the Virginia Rules of Professional Conduct invite, indeed *compel*, prosecutors to alert a trial court to a defense attorney's potential or actual conflict." *United States v. Cortez*, 205 F. Supp. 3d 768, 775 (E.D. Va. 2016) (emphasis added) (Ellis, J.); *see also United States v. Howard*, 115 F.3d 1151, 1155 (4th Cir. 1997) (Wilkinson, C.J.) (noting that a district court "has an obligation to foresee problems over representation that might arise at trial and head them off beforehand").

evidence was obtained from an attorney. Relevant to this motion, the attorney has informed the government that the quarantined evidence contains communications between the defendant and several attorneys. The current lead defense counsel appears to be a party to some of these communications.

## ARGUMENT

### An Expedited Ruling on the Filter Protocol Motion Avoids Potential Delay

The government's proposed filter protocol allows for the prompt review, identification, segregation, and disclosure of potentially protected material. Prompt implementation of the filter protocol is necessary in this case so the current trial milestones are maintained and met. This has been a point of emphasis from the Court. This desire is also shared by the government.

Here, the potentially protected material could contain exculpatory or inculpatory evidence relevant to the defense and the government. Currently, the government is not aware of the contents of the potentially protected material. As a party to some of the communications contained in the potentially protected material, the defense necessarily has awareness.

Additionally, based on publicly disclosed information, the defendant used current lead defense counsel to improperly disclose classified information.[2] The DOJ OIG's final description of Defendant's conduct is worth consideration:

> The responsibility to protect sensitive law enforcement information falls in large part to the employees of the FBI who have access to it through their daily duties. On occasion, some of these employees may disagree with decisions by prosecutors, judges, or higher ranking FBI and Department officials about the actions to take or not take in criminal and counterintelligence matters. They may even, in some situations, distrust the legitimacy of those supervisory, prosecutorial, or judicial decisions. But even when these employees believe that their most strongly-held

---

[2] *See* U.S. Department of Justice (DOJ) Office of the Inspector General (OIG), *Report of Investigation of Former Federal Bureau of Investigation Director James Comey's Disclosure of Sensitive Investigative Information and Handling of Certain Memoranda*, Oversight and Review Division Report 19-02, (August 2019), (located at https://web.archive.org/web/20250818022240/https://oig.justice.gov/reports/2019/o1902.pdf, last accessed October 19, 2025).

2

> personal convictions might be served by an unauthorized disclosure, the FBI depends on them not to disclose sensitive information.
>
> Former Director Comey failed to live up to this responsibility. By not safeguarding sensitive information obtained during the course of his FBI employment, and by using it to create public pressure for official action, Comey set a dangerous example for the over 35,000 current FBI employees—and the many thousands more former FBI employees—who similarly have access to or knowledge of non-public information.

*Id.* at 60.

This fact raises a question of conflict and disqualification for current lead defense counsel. Some of the communications in the potentially protected material are from the same time as the focus of the DOJ OIG report. Before litigating any issue of conflict or disqualification, the parties should have access to all relevant and non-privileged information. The sooner that the potentially protected information is reviewed and filtered, the sooner the parties can make any appropriate filings with the Court.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

## **CONCLUSION**

The government respectfully requests an expedited ruling on the pending motion for implementation of a filter protocol. An expedited ruling is necessary so that the parties have equal access to all relevant information as soon as possible. This will allow the parties and the Court to properly consider and decide relevant issues now. Delay in the implementation of a filter protocol risks later surprise and interruption to the current scheduling order.

Respectfully submitted this 19th day of October, 2025

                                                          Lindsey Halligan
                                                          United States Attorney

                                                          _____/S/_____
                                                          N. Tyler Lemons
                                                          Assistant United States Attorney
                                                          North Carolina Bar No. 46199
                                                          Gabriel J. Diaz
                                                          Assistant United States Attorney
                                                          North Carolina Bar No. 49159
                                                          2100 Jamieson Avenue
                                                          Alexandria, VA 22314
                                                          Tel: (703) 299-3700
                                                          tyler.lemons@usdoj.gov
                                                          gabriel.diaz@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have this 19th day of October, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Rebekah Donaleski
Counsel for Defendant

Ephraim McDowell
Counsel for Defendant

Elias Kim
Counsel for Defendant

Michael Dreeben
Counsel for Defendant

Respectfully submitted,

_____/S/_____
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
tyler.lemons@usdoj.gov
gabriel.diaz@usdoj.gov