IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Case No.: 1:25-CR-00272-MSN |
| ) | |
| James B. Comey, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## JAMES B. COMEY, JR.'S MOTION FOR A BILL OF PARTICULARS

James B. Comey, Jr., by and through undersigned counsel, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, moves this Court to order the government to provide a bill of particulars as described below. Mr. Comey seeks specificity with respect to Counts One and Two of the indictment to apprise him of the offenses with which he is charged and to allow him to prepare a defense at trial. The indictment in its current form does neither.

## TABLE OF CONTENTS

                                                                     **Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 1

PARTICULARS SOUGHT BY MR. COMEY ............................................................................. 3

ARGUMENT .................................................................................................................................. 4

    I.      A Bill of Particulars Is Warranted as to Count One of the Indictment ............................. 6

    II.     A Bill of Particulars Is Warranted as to Count Two of the Indictment ............................ 8

CONCLUSION ............................................................................................................................. 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brady v. Maryland*,
   373 U.S. 83 (1963) ................................................................................................. 5, 7, 8

*Russell v. United States*,
   369 U.S. 749 (1962) ............................................................................................. 4, 5, 10

*United States v. Adams*,
   No. 12-cr-00351, 2013 WL 1897757 (E.D.N.C. May 7, 2013) ................................... 10

*United States v. Am. Waste Fibers Co.*,
   809 F.2d 1044 (4th Cir. 1987) ....................................................................................... 4

*United States v. Automated Med. Labs., Inc.*,
   770 F.2d 399 (4th Cir. 1985) ......................................................................................... 4

*United States v. Bortnovsky*,
   820 F.2d 572 (2d Cir. 1987) .......................................................................................... 7

*United States v. Diana Shipping Servs., S.A.*,
   985 F. Supp. 2d 719 (E.D. Va. 2013) .......................................................................... 10

*United States v. Fletcher*,
   74 F.3d 49 (4th Cir. 1996) ............................................................................................. 5

*United States v. Hernandez*,
   No. 23-cr-122, 2024 WL 23147 (E.D. Va. Jan. 2, 2024) .............................................. 8

*United States v. Jackson*,
   757 F.2d 1486 (4th Cir. 1985) ....................................................................................... 5

*United States v. Jackson*,
   No. 16-cr-31, 2016 WL 6495589 (N.D.W. Va. Nov. 2, 2016) .................................... 10

*United States v. Perry*,
   30 F. Supp. 3d 514 (E.D. Va. 2014) ..................................................................... 6, 7, 10

*United States v. Resendiz-Ponce*,
   549 U.S. 102 (2007) ....................................................................................................... 5

*United States v. Sampson*,
   448 F. Supp. 2d 692 (E.D. Va. 2006) ................................................................ 4, 5, 8, 9

*United States v. Simmons*,
   96 U.S. 360 (1877) ......................................................................................................... 5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*United States v. Trie*,
   21 F. Supp. 2d 7 (D.D.C. 1998) ........................................................................................5, 7, 9

**Statutes**

18 U.S.C.
   § 192 ...................................................................................................................................5
   § 1001(a)(2) ...................................................................................................................1, 6
   § 1505 ..........................................................................................................................2, 4, 8

**Other Authorities**

Federal Rule of Criminal Procedure 7(f) ......................................................................................3, 4

*Hearing Before the U.S. Senate Committee on the Judiciary*, 116th Cong. (Sept.
   30, 2020) ................................................................................................................................3

# INTRODUCTION

The purpose of a bill of particulars is to ensure that a defendant knows what he is charged with so that he may prepare a defense and avoid unfair surprises at trial. The indictment in its current form sheds no light on the alleged factual basis for the conduct at the heart of Count One, and provides no information about what statements, or conduct, underlie Count Two. Mr. Comey cannot prepare a defense to the indictment and thus seeks specificity. The Court should order the government to provide a bill of particulars.

# BACKGROUND

Mr. Comey is charged in a two-count indictment. Count One charges Mr. Comey with making an allegedly false statement in violation of 18 U.S.C. § 1001(a)(2). Specifically, the indictment alleges that on or about September 30, 2020, Mr. Comey "falsely stated" during a Senate Judiciary Committee hearing that he "had not 'authorized someone else at the FBI to be an anonymous source in news reports' regarding an FBI investigation concerning [Hillary Clinton]." ECF No. 1 at 1. According to the indictment, that statement was false because as Mr. Comey "then and there knew, he in fact had authorized [Daniel Richman] to serve as an anonymous source in news reporting regarding an FBI investigation concerning [Hillary Clinton]." *Id.*[1]

Count One is sparse on details. As explained in Mr. Comey's concurrently filed Motion to Dismiss the Indictment Based on Fundamental Ambiguity and Literal Truth, the government must establish that Mr. Comey gave false answers to precise questions. As detailed in Mr. Comey's Motion to Dismiss the Indictment Based on Vindictive and Selective Prosecution, as well as the Motion to Dismiss the Indictment Based on Fundamental Ambiguity and Literal Truth, the text of Count One both misstates the testimony Mr. Comey actually gave and misquotes the question

---

[1] On October 15, 2025, the government confirmed that the indictment uses "PERSON 1" to refer to Hillary Clinton and "PERSON 3" to refer to Daniel Richman.

posed by Senator Ted Cruz. *See* Mot. to Dismiss Indictment Based on Vindictive & Selective Prosecution, ECF No. 59 at 15; Mot. to Dismiss Based on Fundamental Ambiguity & Literal Truth at 2-4. Even if Count One survives dismissal, however, a bill of particulars is necessary because the government has failed to provide any detail about when and how Mr. Comey allegedly authorized Mr. Richman to serve as an "anonymous source," or which news reports Mr. Richman was allegedly authorized to serve as an "anonymous source" for.

In Count Two, the indictment charges Mr. Comey with alleged obstruction of justice in violation of 18 U.S.C. § 1505. ECF No. 1 at 2. Specifically, Count Two alleges that Mr. Comey "corruptly endeavor[ed] to influence, obstruct and impede . . . an investigation" by the Senate Judiciary Committee by "making false and misleading statements" in the September 30, 2020 Senate Judiciary Committee hearing. *Id*. But the indictment does not specify which "false and misleading statements" Mr. Comey allegedly made, and why they were allegedly false or misleading. Nor does the indictment specify how Mr. Comey allegedly "corruptly endeavor[ed] to influence, obstruct, and impede" the Committee's investigation, or even which investigation that was. *Id*.[2]

It bears noting that both counts of the indictment appear to focus on mere seconds of Mr. Comey's testimony at a Senate Judiciary Committee hearing titled Oversight of the Crossfire Hurricane Investigation: Day 3. *See* Exhibit A to Mot. to Dismiss Indictment Based on Fundamental Ambiguity & Literal Truth ("Oversight Hearing Video Clip"); Exhibit C to Mot. to Dismiss Indictment Based on Vindictive & Selective Prosecution, ECF No. 59-3 at 11 ("Oversight

---

[2] These flaws alone warrant dismissal of Count Two, as explained in Mr. Comey's concurrently filed Motion to Dismiss the Indictment Based on Fundamental Ambiguity and Literal Truth. If the Court does not dismiss outright, the government should be required to provide specifics through a bill of particulars and disclosure of grand jury materials. Mr. Comey reserves the right, on the basis of that disclosure, to move to dismiss on additional grounds.

2

Hearing Transcript"). At that hearing, Mr. Comey provided nearly four hours of testimony in response to questions on a range of topics including, *inter alia*, the FBI's "Crossfire Hurricane" investigation, the FBI's "Midyear Exam" investigation, voter fraud, and white supremacist activities in the United States. *See Oversight of the Crossfire Hurricane Investigation: Day 3*, *Hearing Before the U.S. Senate Committee on the Judiciary*, 116th Cong. (Sept. 30, 2020), http://bit.ly/4o2ekHb.[3]

Given its complete lack of essential details, Mr. Comey cannot prepare a defense to this indictment. If the indictment survives dismissal, a bill of particulars under Federal Rule of Criminal Procedure 7(f) is warranted.

## PARTICULARS SOUGHT BY MR. COMEY

1. As to Count One, identify:

    a. The date, time, and method of communication for each instance in which Mr. Comey allegedly authorized Mr. Richman to act as an anonymous source regarding the Clinton investigation;

    b. The individuals or entities to whom Mr. Comey allegedly authorized Mr. Richman to act as an anonymous source regarding the Clinton investigation, for each instance identified in 1.a., above;

    c. The substance and form of Mr. Comey's communication allegedly authorizing Mr. Richman to act as an anonymous source regarding the Clinton investigation, for each instance identified in 1.a., above;

    d. Each instance in which Mr. Richman allegedly provided or attempted to provide information to a news publication as an anonymous source; and

    e. The individuals or entities to whom Mr. Richman allegedly provided or attempted to provide information to a news publication as an anonymous source, for each instance identified in 1.d., above.

2. As to Count Two, identify:

---

[3] As explained in the Motion to Dismiss the Indictment Based on Vindictive and Selective Prosecution, "Crossfire Hurricane" was a counterintelligence investigation into alleged links between President Trump's 2016 campaign and the Russian government and "Midyear Exam" was an investigation into then-candidate Hillary Clinton's alleged mishandling of classified information during her tenure as Secretary of State. *See* Mot. to Dismiss Indictment Based on Vindictive & Selective Prosecution, ECF No. 59 at 2.

3

    a. Each allegedly false or misleading statement underlying Count Two;

    b. The specific question leading to, and answer by Mr. Comey, that underlies each statement in 2.a., above;

    c. The factual basis for the Government's allegation that each statement identified in response to 2.a., above, was false when made;

    d. The factual basis for the Government's allegation that Mr. Comey knew that the statement identified in response to 2.a., above, was false when made;

    e. How Mr. Comey "corruptly" influenced the proceeding;

    f. Which inquiry or investigation Mr. Comey allegedly attempted to influence by the Senate Judiciary Committee; and

    g. Specify any other ways in which Mr. Comey allegedly violated 18 U.S.C. § 1505.

## ARGUMENT

The purpose of an indictment is twofold: "First, an indictment apprises the accused of the charge against him so he can prepare his defense; second, an indictment enables the accused to plead the Double Jeopardy bar to reprosecution if he is later charged with the same offense." *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987). To fulfill both purposes, an indictment must clearly explain how the government intends to prove the essential elements of the offense. "A cryptic form of indictment . . . requires the defendant to go to trial with the chief issue undefined," "gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture," and makes it impossible "for courts called upon to pass on the validity of convictions under the statute to bring an enlightened judgment to that task." *See Russell v. United States*, 369 U.S. 749, 766, 769 (1962).

Even where an indictment satisfies the bare minimum needed to charge an offense, it may still fall short in providing the defendant with a fair means of presenting his defense. For those reasons, Federal Rule of Criminal Procedure 7(f) permits a court to "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars 'is to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial.'" *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (quoting

*United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)).  In this way, a bill of particulars enforces one of the "basic principles of fundamental fairness" on which our criminal justice system is founded: "that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him."  *Russell*, 369 U.S. at 766 (citing *United States v. Simmons*, 96 U.S. 360, 362 (1877)).

Whether to require a bill of particulars is within the sound discretion of the trial court. *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985).  "The test in ruling on such a motion is whether deprivation of the information sought will render the defendant subject to unfair surprise."  *Sampson*, 448 F. Supp. 2d at 696 (citing *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996)).  A bill of particulars can also be necessary to allow the defendant to request materials under, and the court to monitor the government's compliance with, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.  *See United States v. Trie*, 21 F. Supp. 2d 7, 25 (D.D.C. 1998) (noting that the scope of the government's *Brady* obligations could be determined "once it has provided the bill of particulars").

A "clear example" of the necessity for "greater specificity" is when an indictment charges a broad and open-ended offense against a witness in the context of a congressional inquiry.  *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007) (discussing *Russell*).  In *Russell*, the Court held that charges under 18 U.S.C. § 192, making it an offense to refuse to answer a question "pertinent to the question under [congressional] inquiry," demanded further detail in the indictment to remove guesswork about the subject of the congressional inquiry and to ensure that the grand jury focused on the relevant issue.  369 U.S. at 751 n.2, 769-72.  Applying that principle here, even assuming the validity of an indictment charging false statements to and an endeavor to obstruct the work of Congress, it remains vital to the fairness of the trial that the defendant be informed of

5

the specifics underlying the charge and not be reduced to speculation until the government presents its case.

**I.      A Bill of Particulars Is Warranted as to Count One of the Indictment**

Count One of the indictment charges Mr. Comey with making a false statement to Congress, in alleged violation of 18 U.S.C. § 1001(a)(2). *See* ECF No. 1 at 1. To prove that Mr. Comey made a false statement in violation of 18 U.S.C. § 1001(a)(2), the government must prove that Mr. Comey: (1) knowingly and willfully; (2) made a materially false statement; (3) within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States. *See* 18 U.S.C. § 1001(a)(2).

Count One fails to provide any detail regarding the factual basis for its claim that Mr. Comey knowingly authorized Mr. Richman to be an anonymous source in news reports regarding the Clinton investigation, including (a) when and how Mr. Comey provided such authorization; (b) what Mr. Comey authorized Mr. Richman to speak to news reporters about; and (c) which news reports included anonymous information from Mr. Richman.[4]

The government's failure to provide details about the essential elements of Count One prevents Mr. Comey from mounting an effective defense under the circumstances of this case. "A defendant is not fairly apprised of the necessary information merely because the government provided 'mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified' at trial." *United States v. Perry*, 30 F. Supp. 3d 514, 523-24 (E.D. Va. 2014) (citation omitted).

---

[4] Although the Arctic Haze investigation identified several instances in which Mr. Richman allegedly provided information to the media, *see* Mot. to Dismiss Indictment Based on Vindictive & Selective Prosecution, ECF No. 59 at 3, the indictment does not indicate whether those instances are the basis for the charge.

6

The government produced more than 85,000 pages of discovery that include, among other things, some (but not all) of the materials obtained from wide-ranging FBI investigations across different districts and numerous articles, some of which quote Mr. Richman by name. The voluminous discovery provides no greater clarity to Mr. Comey for any aspect of Count One. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (district court erred in denying motion for bill of particulars where the government produced "mountains of documents to defense counsel," including "numerous documents unrelated to the charges pending"); *Perry*, 30 F. Supp. at 524 (a bill of particulars was warranted where government's production contained "tens of thousands of documents").

The nature of the allegation underlying the government's apparent theory of falsity—that Mr. Comey authorized Mr. Richman to be an anonymous source for an unnamed news outlet—places Mr. Comey in an impossible position. To effectively mount a defense, he must identify every article, across the world, at any time after 2015 when the FBI's investigation of Hillary Clinton began, that references an anonymous source about any aspect of an investigation involving Hillary Clinton and discern whether the government contends that Mr. Richman was the anonymous source for that article.

Accordingly, without knowing whether, and how, Mr. Richman allegedly acted as an anonymous source, Mr. Comey cannot ascertain whether the government has fulfilled its obligations under *Brady*. *See Trie*, 21 F. Supp. 2d at 26. For example, if the government contends that Mr. Richman acted as an anonymous source in the articles that were the subject of the "Arctic Haze" investigation, the defense would request that entire investigative file (which has not been produced), as well as information about all other individuals the government identified as possible

sources of information (which has also not been produced).[5] Such materials would enable the defense to demonstrate—as government investigators previously found, *see* Mot. to Dismiss Indictment Based on Vindictive & Selective Prosecution, ECF No. 59 at 9-10—that there was insufficient evidence to believe that Mr. Richman was the source of that information. By contrast, if instead the government contends that Mr. Richman was authorized to act as a source in a different article, the defense could tailor both its *Brady* requests and trial defense accordingly. The defense should not be required to dig through tens of thousands of pages of incomplete discovery to guess at what it is defending against—only to be sandbagged by the government at trial.

The government's failure to articulate how Mr. Comey's response was allegedly false prevents the defense from understanding the specific basis of the alleged violation. Under these circumstances, Count One of the indictment does not allow Mr. Comey to assess whether the government has complied with its obligations to turn over materials under *Brady*, let alone to mount an effective defense for trial.

## II.     A Bill of Particulars Is Warranted as to Count Two of the Indictment

Count Two charges Mr. Comey with "corruptly endeavor[ing] to influence, obstruct and impede" a Senate Judiciary Committee investigation on September 30, 2020 "by making false and misleading statements before that committee," in alleged violation of 18 U.S.C. § 1505. ECF No. 1 at 2. To prove this offense, the government must show that (1) there was a proceeding pending before a department or agency of the United States; (2) the defendant was aware of the pending proceeding; and (3) the defendant "'corruptly ... endeavor[ed]' to obstruct a proceeding, that is,

---

[5] As explained in the Motion to Dismiss the Indictment Based on Vindictive and Selective Prosecution, "Arctic Haze" was an investigation into whether Mr. Comey had allegedly disclosed classified information to the news media through Daniel Richman, which was concluded without criminal charges against Mr. Richman or Mr. Comey. *See* Mot. to Dismiss Indictment Based on Vindictive & Selective Prosecution, ECF No. 59 at 3.

8

that the defendant acted with 'specific intent.'" *United States v. Hernandez*, No. 23-cr-122, 2024 WL 23147, at *6 (E.D. Va. Jan. 2, 2024).

Count Two fails to meet the basic requirement that the government identify the allegedly false statements and state why they were false. *See Sampson*, 448 F. Supp. 2d at 696 (count of indictment that alleged that "Defendant committed mail fraud by delivering fraudulent documents relating to a 2004 Yukon Denali" failed to "state which specific documents were fraudulent and what was allegedly fraudulent about the documents at issue"); *see also Trie*, 21 F. Supp. 2d at 21 ("A defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information.").

Under any circumstances, assuming that the deficiency does not justify dismissal of the indictment, that failure alone would be reason to require the government to provide further specificity. Here, the need for greater specificity is even clearer: Count Two charges Mr. Comey with "making false and misleading statements" at a four-hour hearing in which he was questioned on topics ranging from the FBI's Crossfire Hurricane investigation, to the investigation into Hillary Clinton's alleged mishandling of classified information, to white supremacist activities in the United States. Under the indictment as written, the government could wait until trial to specifically allege that any one, or several, of Mr. Comey's statements over a four-hour hearing forms the basis for its prosecution. The government could also wait until trial to select any topic of investigation covered at the hearing as the one Mr. Comey allegedly endeavored to obstruct, and unfairly surprise Mr. Comey. The potential for unfair surprise is particularly acute because the topics at

9

the hearing involved multi-year, exhaustive investigations, not only by Congress but also by multiple law enforcement agencies, intelligence agencies, and prosecutors.

The discovery produced to date does not "fairly apprise [Mr. Comey] of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *Sampson*, 448 F. Supp. 2d at 696 (cleaned up). The government produced voluminous discovery that includes some, but not all, documents from multiple different FBI investigations involving multiple districts. Mr. Comey cannot even determine whether Count Two—which is predicated on allegedly making false or misleading statements at the same hearing referenced in Count One—is duplicative of Count One and potentially subject to dismissal for that reason. *See United States v. Adams*, No. 12-cr-00351, 2013 WL 1897757, at *2 (E.D.N.C. May 7, 2013) (bill of particulars was warranted where two counts of the indictment contained overlapping time frames and offense elements); *United States v. Diana Shipping Servs., S.A.*, 985 F. Supp. 2d 719, 726 (E.D. Va. 2013) (multiplicity is a challenge to the indictment that must be raised before commencement of trial). Similarly, the sparse language and total absence of factual allegations in Count Two prevent the defense from assessing Mr. Comey's double jeopardy rights. *See United States v. Jackson*, No. 16-cr-31, 2016 WL 6495589, at *7 (N.D.W. Va. Nov. 2, 2016) (bill of particulars was warranted for indictment that was "not overly detailed or fact-ridden").

In short, to be able to defend himself at trial, Mr. Comey must know the substance of the charges asserted by the government. *See Perry*, 30 F. Supp. 3d at 523 ("[I]n cases involving vaguely asserted charges of fraud, perjury, or alteration of records, a bill of particulars may be necessary in order to provide a defendant a full and fair opportunity to prepare a defense"). As it stands, even assuming that Count Two survives as a bare bones charge, it clearly fails "to fulfill

[the] primary office" of an indictment—"to inform the defendant of the nature of the accusation against him." *Russell*, 369 U.S. at 767. A bill of particulars is warranted.

## **CONCLUSION**

For the reasons set forth above, the government should be required to provide a bill of particulars as to Count One and Count Two of the indictment.

11

Dated: October 30, 2025          Respectfully submitted,

JAMES B. COMEY, JR.
By Counsel

*/s/   Jessica N. Carmichael*
Jessica N. Carmichael (VA Bar No. 78339)
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, First Floor
Alexandria, VA 22314
Telephone:  (703) 684-7908
Facsimile:  (703) 649-6360
Email:  jessica@carmichaellegal.com

Patrick J. Fitzgerald (*pro hac vice*)
(Mich. Bar No. P86579)
P.O. Box 277
New Buffalo, MI 49177
Telephone:  (312) 758-4454

Rebekah Donaleski (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone:  (212) 479-6000

Ephraim A. McDowell (*pro hac vice*)
Elias S. Kim (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone:  (202) 842-7800

Michael R. Dreeben (*pro hac vice*)
600 New Jersey Ave. NW
Washington, DC 20001
Telephone:  (202) 695-2562

*Counsel for Defendant James B. Comey, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of October, 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jessica N. Carmichael*
Jessica N. Carmichael

*Counsel for Defendant James B. Comey, Jr.*