### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 1:25-CR-272-MSN** |
| **JAMES B. COMEY, JR.** | |
| *Defendant.* | |

### GOVERNMENT REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR IMPLEMENTATION OF FILTER PROTOCOL

The Government has lawfully obtained evidence in its possession. Defendant's purported attorney-client privilege has been asserted for a small subset of that evidence. A filter team is required to determine whether the attorney-client privilege is appropriately asserted as to this subset of evidence.

The Defendant's response [DE 89] demands premature decisions and avoids any meaningful discussion or specific objection to the requested filter protocol. Instead of squarely addressing the proposed filter protocol, the Defendant focuses on unresponsive questions of suppressing underlying warrants and presumed taint. The Court should implement a filter protocol consistent with the government's motion.

### ADDITIONAL FACTUAL BACKGROUND

On September 25, 2025, the Defendant was indicted by a federal Grand Jury in the Eastern District of Virginia for making a false statement in violation of 18 U.S.C. § 1001 (Count One) and obstruction of justice in violation of 18 U.S.C. § 1505 (Count Two). Defendant's indictment is based on his testimony to the Senate Judiciary Committee on September 30, 2020, which

referenced and incorporated Defendant's testimony to the Senate Judiciary Committee on May 3, 2017.

In 2019 and 2020, the government obtained a series of search warrants during an ongoing investigation into violations of 18 U.S.C. § 641 (Theft and Conversion of Stolen Government Property) and 18 U.S.C. § 793 (Unlawful Gathering or Transmission of National Defense Information). In ways consistent with the current prosecution, the prior government investigation focused in part on the relationship and communication between the Defendant and Daniel Richman ("Richman"). Below is a truncated timeline of events associated with the relevant search warrants.[1]



---

[1] The timeline and facts below are primarily based on Sealed Gov. Ex. 1. This exhibit is designated as Protected Material because it is a search warrant that, at this time, remains under seal. The government has requested the search warrant be unsealed in the issuing district.



As described above, a filter process was in place for each of the warrants where Defendant's prior counsel was able to assert any privilege claims. And Defendant's prior counsel did that through the privilege log provided with the filtered review following the final search warrant.

## ARGUMENT

### A. A Filter Protocol is Appropriate

Through a prior attorney, Defendant has asserted attorney-client privilege as to specific evidence, i.e., the five text threads identified in the privilege log. "The party asserting a privilege

bears the burden of establishing that privilege." *In re Grand Jury Proc., Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 352 (4th Cir. 1994). Adjudication of Defendant's asserted privilege requires implementation of a filter protocol. This is the specific issue before the Court based on the government's motion. As described in the initial motion, the government believes that the proposed filter protocol is consistent with case law and appropriately balances government and evidentiary interests against Defendant's potential privilege interests. The remaining evidence lawfully seized under the prior warrants has already been filtered and was provided to the government by Defendant's prior attorney, Richman.

Defendant's response does not address the underlying premise of a filter protocol. Instead, Defendant first jumps to the underlying search warrants and presumptively declares that the government is conducting an unconstitutional search. This is wrong. The government is not asking to look at the raw returns from prior search warrants. The government is simply asking for a judicially approved filter protocol as to a small and specific subset of evidence that was lawfully obtained consistent with the terms of a federal search warrant.

**B. The Investigative Team is Not Tainted by Exposure to Attorney-Client Privileged Material**

The government has proceeded with an abundance of caution in reviewing lawfully obtained evidence from the 2019 and 2020 search warrants. While reviewing evidence that was previously filtered by the Defendant's attorney, an FBI agent noted that some of the communications appeared to involve an attorney and client. At that time, a prophylactic decision was made to remove the FBI agent from the investigative team and pause any further review of the evidence from the 2019 and 2020 search warrants. This was orally communicated to the investigative team and communicated through written instruction (email) to the lead investigators.

This sequence of events is what the Defendant relies on to assume taint. The presumption

is wrong. No members are of the investigative team have been tainted by attorney-client privileged material. However, when undersigned counsel joined the prosecutorial team, a decision was made for the quarantined evidence to remain that way to allow the Court to implement a filter protocol that completely removes any concern. The Defendant questions the government's ability to safeguard privileged material. But the reality is that the government has proceeded with the utmost caution and respect for privileged material.

## **<u>CONCLUSION</u>**

A filter protocol is appropriate to review evidence the Defendant has asserted attorney-client to. This small subset of evidence is derived from a larger set of lawfully obtained evidence that has already been filtered by an attorney for the Defendant. Despite Defendant's assumptions, the government did not violate the defendant's Fourth Amendment rights, nor was the investigative team tainted by reviewing previously filtered evidence. A judicially approved filter protocol is necessary because it is the Defendant's burden to establish his remaining claims of attorney-client privilege.

Respectfully submitted this 2nd day of November, 2025.

Lindsey Halligan
United States Attorney

_____/S/_____
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
tyler.lemons@usdoj.gov
gabriel.diaz@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 2nd day of November, 2025, the government served a copy

of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Respectfully submitted,

_____/S/_____
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
tyler.lemons@usdoj.gov
gabriel.diaz@usdoj.gov