# FEDERAL BUREAU OF INVESTIGATION
### Electronic Communication

**Title:** (U//FOUO) Opening Electronic Communication     **Date:** 07/21/2025

**From:** CRIMINAL INVESTIGATIVE
      D6-SIM
    **Contact:** STARR MILES LEE, ▉▉▉▉▉▉▉▉

**Approved By:** 

**Drafted By:** STARR MILES LEE
            ECKENRODE JOHN C

**Case ID #:** ▉▉▉▉▉▉▉▉     (U) UNKNOWN SUBJECTS; ALLEGED CONCEALMENT, REMOVAL, OR MUTILATION OF CAPSTONE AND OFFICIAL RECORDS
SENSITIVE INVESTIGATIVE MATTER

**Synopsis:** (U//FOUO) Request to open and assign a Preliminary Investigation (PI) to investigate the activities or involvement of current and/or former FBI employees for potential violations of Title 18 USC 2071, Concealment, Removal, or Mutilation Generally, and/or other related offenses, between July 1, 2016, and the present day.

**Details:**

The Criminal Investigative Division (CID) Public Corruption and Civil Rights Section (PCCRS) requests approval to open and assign a Preliminary Investigation (PI) to investigate the activities or involvement of current and/or former FBI employees for potential violations of Title 18 USC 2071, Concealment, Removal, or Mutilation Generally, and/or other related offenses, between July 1, 2016, and the present day.

GOVERNMENT EXHIBIT
12
1:25-CR-272-MSN

UNCLASSIFIED//FOUO

Title:  (U//FOUO) Opening Electronic Communication
Re:     ███████████, 07/21/2025

**Case Predication:**

(U//FOUO) On or about April 15, 2025, the Director's Advisory Team was informed of the unusual discovery of highly classified and sensitive documents found inside five "burn bags" located in Room 9582, a certified Sensitive Compartmented Information Facility (SCIF) at the FBI Headquarters building in Washington, DC.

(U//FOUO) A cursory inventory of the 9582 SCIF revealed the existence of classified documents, including documents believed to be official records, inside "burn bags" which appeared to have been placed in the SCIF around the timeframe of the 2025 presidential inauguration - Friday, January 17, 2025 through Wednesday, January 22, 2025. A brief review of the contents of the "burn bags" revealed that some of the documents left behind may have come from a collection of records held by certain unidentified senior government officials at FBI Headquarters.

(U//FOUO) The discovery of these "burn bags" containing highly sensitive records, presumably intended for destruction, precipitated an internal management review to determine whether there was a legitimate purpose and underlying motivation for storing such records in this manner inside 9582. This limited review was undertaken by the Director's Advisory Team for approximately 60 days to examine badge access entry logs and to confer with the FBI's Information Management Division (IMD) and the Security Division (SecD) to establish a chronology of events involving the activities inside 9582. The preliminary steps also included a limited number of FBI employee interviews and an assessment of the nature of the documents found inside the "burn bags" which revealed a variety of classified and unclassified records. Among the records found were many related to the FBI's Mar-a-Lago search, the January 06 capitol breach, the Crossfire Hurricane investigation, as well as a copy of the Classified Appendix to the John Durham Special Counsel investigation. Moreover, an additional record discovered as part of this management review process was an original referral by the Central Intelligence Agency (CIA) to former FBI Director James Comey, known as a Counterintelligence Operational Lead (CIOL). This CIOL, believed to have

UNCLASSIFIED//FOUO

Title:  (U//FOUO) Opening Electronic Communication
Re:     ▓▓▓▓▓▓▓▓▓▓, 07/21/2025

been missing for several years, was dated September 07, 2016 and contained certain intelligence related to the 2016 U.S. presidential election campaign. The CIOL was found in a storage closet adjacent to the Director's office and was subsequently transported to the 9582 SCIF. Former Director Comey previously testified before the Senate Judiciary Committee that he was unfamiliar with this CIOL as well as its related intelligence.

(U//FOUO) There are conflicting accounts arising from three employee interviews conducted to establish a chronology and a reliable summary of the activities involving the 9582 SCIF. The FBI's IMD division is charged with the responsibility for securing, cataloguing, and preserving senior official records (also referred to as Capstone records) under the rules set forth in the National Archives and Records Administration (NARA). IMD officials maintain that they were not made aware of the existence of the "burn bags" found inside 9582 nor were they consulted to examine the contents for their relevance to the Capstone provisions of the NARA policies. The overarching context for the irregularities involving 9582 appears to be a hasty and chaotic effort by certain employees to collect senior management officials' records in advance of the anticipated transition of a new team of FBI executives taking control after the presidential inauguration.

(U//FOUO) It is unclear, without further investigation, what the motivations and intent were for placing these records in "burn bags" inside the 9582 SCIF. The Director's Advisory Team recommends a preliminary investigation be opened to expand on the initial internal management review to determine whether criminal activity exists in the fact pattern developed to date. Pursuant to DIOG Section 6, the internal directed review has established adequate predication exists for a preliminary investigation to determine whether deliberate attempts were being made to conceal or destroy official records, contrary to the FBI's responsibility to preserve these records, in advance of the new administration and the transition to a new leadership team.

**Authorized Investigative Methods:**

UNCLASSIFIED//FOUO

Title: (U//FOUO) Opening Electronic Communication
Re: ▓▓▓▓▓▓▓▓▓▓, 07/21/2025

(U) As required in DIOG Section 6.8, Standards for Opening or Approving the Use of an Authorized Investigative Method in Preliminary Investigations, case agents foresee utilizing the following authorized investigative methods in this investigation:

- (U) Public information (DIOG subsection 18.5.1)
- (U) Records or information – FBI and DOJ (DIOG subsection 18.5.2)
- (U) Records or information – Other federal, state, local, tribal, or foreign government agency (DIOG subsection 18.5.3)
- (U) Online services and resources (DIOG subsection 18.5.4)
- (U) Interview or request information from the public or private entities (DIOG subsection 18.5.6)
- (U) Information voluntarily provided by governmental of private entities (DIOG subsection 18.5.7)
- (U) Grand Jury Subpoenas (DIOG Subsection 18.6.5)
- (U) Polygraph Examinations (DIOG subsection 18.6.11)

(U) The use of the investigative methods outlined above are likely to further the authorized purpose of the preliminary investigation. These methods are reasonable, and the least intrusive methods available based upon the circumstances of the investigation. The methods to be utilized are an appropriate use of personnel and financial resources. Washington Field Office will assist and provide evidentiary management for any collected items obtained during the course of the investigation.

**Sensitive Investigative Matter (SIM) Designation:**

(U//FOUO) Per DIOG Section 10.1.1, this investigation involves former domestic public officials who held executive level positions within the FBI and includes allegations of obstruction and/or corruption and therefore is considered a SIM. The FBI's General Counsel has reviewed the matter and concurs with the opening of the preliminary investigation as a SIM.

*Case Participants:*

(U//FOUO) The primary investigators assigned to this matter are SA Miles Starr and Senior Advisor Jack Eckenrode. The supervisory management chain for this investigation includes ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

UNCLASSIFIED//FOUO

**UNCLASSIFIED//FOUO**

Title:  (U//FOUO) Opening Electronic Communication
Re:    ▇▇▇▇▇▇▇▇, 07/21/2025

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**Required Notifications:**

(U) Pursuant to the FBI's Public Corruption Policy Guide, Section 7.6.2, the required Letter Head Memorandum (LHM) will be provided to PCU within 15 days of case initiation. Per DIOG Section 6.7.1.1, PCU will notify the responsible United States Attorney's Office of the opening of this matter as well as all known SIMs no later than 30 calendar days after the initiation of the investigation. Additionally, prior to initiation, the Assistant Director in Charge of the FBI's Washington Field Office was notified of this investigation.

♦♦