# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Criminal No. 1:25-CR-272-MSN |
| **JAMES B. COMEY, JR.** | |
| *Defendant.* | |

## APPEAL OF MAGISTRATE JUDGE'S ORDER TO DISTRICT COURT

The government appeals the Magistrate Judge's November 5, 2025, oral order directing the government to produce grand jury materials to the defendant by 5:00 pm on November 6, 2025.[1] The order exceeds the scope of the Magistrate Judge's delegated authority and was entered without the necessary findings that the defendant has shown particularized and factually based grounds exist for disclosure and that the need for disclosure outweighs the long-established public interest in grand jury secrecy. The government respectfully requests that the Court vacate the Magistrate Judge's order or, in the alternative, stay the order pending consideration of the parties' briefing and oral argument on the defendant's Motion to Disclose Grand Jury Proceedings, Dkt. No. 106.

### I.    BACKGROUND

On October 13, 2025, the government moved for Implementation of Filter Protocol seeking

---

[1] A written order pursuant to the Magistrate Judge's oral order at the November 5 hearing has not been entered on the docket.

approval of a filter protocol to govern its handling and disclosure of potentially privileged material. Dkt. No. 38.[2] The defendant opposed the motion on October 27, 2025. Dkt. No. 71. In his response in opposition, he asked the Court to "direct the government to disclose" five categories of information related to the protocol, none of which related to grand jury materials. *Id.* at 12.

On October 29, 2025, the Court noted that "briefing on the government's proposed filter protocol raises several legal questions that must be resolved before any protocol is authorized." Dkt. No. 102 at 2. Citing the government's motion and the defendant's response, Dkt. Nos. 38 & 71, the Court appointed a Magistrate Judge "to preside over all proceedings related to the potential review of privileged materials in this case" and directed the Magistrate Judge "to promptly schedule a hearing to address these matters." Dkt. No. 102 at 1–2.

On October 30, 2025, the defendant filed a Motion and Memorandum in Support of Motion to Disclose Grand Jury Proceedings. Dkt. No. 106. In it, he "requests that the Court direct the government to disclose the transcripts and audio recordings of all proceedings before the grand jury in this case" under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). *Id.* at 1. He argues, in part, that disclosure is required because "the agent who served as a witness in the proceedings may have been exposed to Mr. Comey's privileged communications with his attorneys and thus may have conveyed that information to the grand jury." *Id.*

Under the Court's scheduling order entered on October 8, the government's response to the Motion to Disclose Grand Jury Proceedings is due on November 13, 2025. Dkt. No. 19. The defendant's reply is due on November 20. *Id.* And a hearing has been set for December 9. *Id.* Nonetheless, during his November 5 hearing on the filter protocol, the Magistrate Judge *sua sponte*

---

[2] On October 19, 2025, the government moved to expedite ruling on its motion for implementation of a filter protocol. Dkt. No. 54. The following day, the defendant filed a response in opposition to an expedited ruling, requesting the full 14 days to file a response. Dkt. No. 55.

ordered the government to produce "all grand jury materials" to the defendant by close of business on November 6.

## II. ARGUMENT

The Magistrate Judge's disclosure order is contrary to law in two important respects. First, it exceeded the scope of the Magistrate Judge's designated authority and prematurely disposed of a motion pending before this Court. Second, it was entered without the required findings that particularized and factually based grounds exist and that the defendant's need for disclosure outweighs the public interest in grand jury secrecy. The Court should vacate the Magistrate Judge's order or, in the alternative, stay the order pending consideration of the parties' briefing and oral argument on the defendant's pending Motion to Disclose Grand Jury Proceedings.

Under Federal Rule of Criminal Procedure 59(a), a "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine" pretrial matters pending before the court). After the magistrate judge "enter[s] on the record an oral or written order," a "party may serve and file objections to the order within 14 days." Fed. R. Crim. P. 59(a). "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *Id.* "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Eli Lilly & Co.*, 580 F. Supp. 3d 334, 337 (E.D. Va. 2022) (quotation marks omitted).

The "long-established policy of maintaining the secrecy of grand jury proceedings" is codified in Federal Rule of Criminal Procedure 6(e). *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979). The Rule provides just "three circumstances in which a court may lift the veil of secrecy." *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 615 (E.D. Va. 2004).

3

And the defendant's motion for disclosure relies on only one: Rule 6(e)(3)(E)(ii), which allows a court to authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *See* Dkt. No. 106 at 1.

The exception in Rule 6(e)(3)(E)(ii) "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." *Loc Tien Nguyen*, 314 F. Supp. 2d at 616. "Because grand jury proceedings are entitled to a presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that *particularized and factually based* grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *Id.* (quotation marks omitted, emphasis added). "[T]he desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings." *Id.* at 617.

In deciding whether to release grand jury materials, courts must "balance the petitioner's need for release against the traditional public interest reasons for grand jury secrecy." *United States v. Eury*, No. 1:20-cr-48, 2021 WL 276227, at *12 (M.D.N.C. Jan. 27, 2021). And "only in those cases where the need for disclosure outweighs the public interest in secrecy will the requirement of particularized need for release be found to exist." *Id.* "Due to the heavy burden facing [the] defendant, grand jury testimony will be denied in all but extraordinary circumstances." *United States v. Harris*, No. 5:07-cr-22, 2007 WL 1724298, at *5 (N.D.W.V. June 14, 2007).

The disclosure order exceeds the scope of the Magistrate Judge's authority and improperly disposes of the defendant's pending Motion for Grand Jury Disclosure before the Court. The Court

4

appointed the Magistrate Judge "to preside over all proceedings related to the potential review of privileged materials." Dkt. No. 102 at 2. But neither the government's Filter Protocol motion nor the defendant's response discussed a need for grand jury materials. Instead, the defendant separately filed a Motion to Disclose Grand Jury Proceedings laying out several alleged bases for disclosure of grand jury materials under Rule 6(e)(3)(E)(ii). Dkt. No. 106. That motion was not referred to the Magistrate Judge. And it has not yet been fully briefed. The Magistrate Judge's disclosure order improperly and prematurely resolved a motion pending before the Court. It is contrary to law and should be vacated. *See* Fed. R. Crim. P. 59(a).

The disclosure order is also contrary to law because it was entered without making the necessary finding that the defendant carried his "heavy burden of establishing that 'particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment.'" *See Loc Tien Nguyen*, 314 F. Supp. 2d at 616. And, assuming the defendant did make that showing, the Magistrate Judge failed to conduct the required analysis of whether the defendant's need for disclosure outweighs the public interest in secrecy. *See Eury*, No. 1:20-cr-48, 2021 WL 276227, at *12 (M.D.N.C. Jan. 27, 2021). Rule 6(e) "lays out a general rule of secrecy followed by a set of carefully considered exceptions that limit the district court's authority to disclose the records of a grand jury's proceedings." *Pitch v. United States*, 953 F.3d 1226, 1234 (11th Cir. 2020) (en banc). The Magistrate Judge entered the disclosure order without conducting the legal analysis required to ensure compliance with the Rule. The order should be vacated.

### III. CONCLUSION

The disclosure order exceeds the scope of the Magistrate Judge's delegated authority, prematurely resolves a motion still pending before this Court, and was entered without the

necessary findings required by law.  The government respectfully requests that the Court vacate the order or, in the alternative, stay the order pending full briefing and oral argument on the defendant's Motion to Disclose Grand Jury Proceedings, Dkt. No. 106.

Respectfully submitted this 6th day of November, 2025.

                                Lindsey Halligan
                                United States Attorney

                                /S/
                                Gabriel J. Diaz
                                Assistant United States Attorney
                                North Carolina Bar No. 49159
                                N. Tyler Lemons
                                Assistant United States Attorney
                                North Carolina Bar No. 46199
                                2100 Jamieson Avenue
                                Alexandria, VA 22314
                                Tel: (703) 299-3700
                                gabriel.diaz@usdoj.gov
                                tyler.lemons@usdoj.gov

**CERTIFICATE OF SERVICE**

This is to certify that I have this 6th day of November, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Rebekah Donaleski
Counsel for Defendant

Respectfully submitted,

_____/S/_____
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov