IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JAMES B. COMEY, JR.** <br><br> *Defendant*. | Criminal No. 1:25-CR-272-MSN |

### ADDITIONAL BRIEFING ON DISCLOSURE OF GRAND JURY MATERIALS

Defendant James B. Comey, Jr., speculates that the government may have submitted evidence subject to suppression or attorney-client privileged communications to the grand jury. And, he asserts, he needs access to grand jury material to confirm whether that happened. Federal Rule of Criminal Procedure 6(e) and the long-established policy of maintaining the secrecy of grand jury proceedings foreclose his attempt.

First, Rule 6(e) does not permit the defendant to access grand jury material so he can search for grounds that might support a motion to suppress or to dismiss. Instead, it requires him to produce particularized, factually based evidence that a ground may exist to dismiss the indictment based on a matter that occurred before the grand jury. He has offered only conjecture. Second, even assuming the defendant could prove that the government violated the Fourth Amendment or attorney-client privilege in its grand jury presentation, neither error would be a basis to dismiss the indictment. So, neither can be a basis for disclosing grand jury material under Rule 6(e).

Even so, in the interest of judicial economy, the government requests that the Court review the transcript of grand jury testimony *in camera* to confirm the baselessness of the defendant's claim that privileged information may have been shared with the grand jury.

I.       **BACKGROUND**

On October 13, 2025, the government moved for implementation of a filter protocol to govern its handling and disclosure of potentially privileged material. Dkt. No. 38. The defendant opposed the motion. Dkt. No. 71. He asked the Court to "direct the government to disclose" five categories of information related to the protocol, none relating to grand jury material. *Id.* at 12. He noted that his "concerns with the government's respect for—and ability to safeguard—the defendant's attorney-client privileged materials are not merely hypothetical" because, he claimed, lead case agents "may have been exposed to attorney-client privileged materials." *Id.* at 6.

On October 29, 2025, the Court noted that "briefing on the government's proposed filter protocol raises several legal questions that must be resolved before any protocol is authorized." Dkt. No. 102 at 2. Citing the government's motion and the defendant's response, Dkt. Nos. 38 & 71, the Court appointed United States Magistrate Judge William E. Fitzpatrick "to preside over all proceedings related to the potential review of privileged materials in this case." Dkt. No. 102 at 1–2.

On October 30, 2025, the defendant filed a Motion and Memorandum in Support of Motion to Disclose Grand Jury Proceedings. Dkt. No. 106. In it, he "requests that the Court direct the government to disclose the transcripts and audio recordings of all proceedings before the grand jury in this case" under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). *Id.* at 1. He argues, in part, that disclosure is required because "the agent who served as a witness in the proceedings may have been exposed to Mr. Comey's privileged communications with his attorneys and thus may have conveyed that information to the grand jury." *Id.*

Under the Court's scheduling order entered on October 8, the government's response to the Motion to Disclose Grand Jury Proceedings is due on November 13, 2025. Dkt. No. 19. The

2

defendant's reply is due on November 20. *Id.* And a hearing has been set for December 9. *Id.*

During a November 5 hearing on the filter protocol before Judge Fitzpatrick, the government explained that an agent recently reviewing digital data from one of the 2019 and 2020 D.C. warrants observed a conversation that might have "involved attorney-client confidences." 11/5/25 Tr. at 12:23–13:6. The agent "immediately stopped" his review and alerted supervisors, and no further review has occurred. *Id.*

The defense stated that it was unknown whether the information seized under the 2019 and 2020 warrants had undergone a responsiveness review. *Id.* at 19:9–14. And defense counsel argued that, if the government had accessed "both the nonresponsive and responsive set," it "clearly" would have violated the Fourth Amendment. *Id.* at 20:11–19. Judge Fitzpatrick asked defense counsel, "What information do you need that you don't have in order to file a motion to properly challenge the original search, the continued use?" *Id.* at 23:14–16. Counsel responded that, among other things, they needed to know, "What does the government have now? What did they access and provide to the grand jury? . . . Where did they get those materials?" *Id.* at 24:17–20. Judge Fitzpatrick replied:

> The questions that [counsel] asks are going to be answered. She's entitled to know with great specificity how these warrants were executed, how the information was separated, how the information was used, up to and including how the information was using in the grand jury proceedings. As part of this, I am going to order the government to disclose to the defense all grand jury materials, not just the testimony of the agent, but anything that was said during the course of the grand jury. How the grand jury was instructed, any presentation to the grand jury, any questions that were asked of either the agent or the United States Attorney, all of that is to be disclosed because I think the defense needs that in order to marry up the information that they have or the information that they will get to how it was used. I don't know what motions are going to be filed. Maybe no motions are going to be filed, but they're entitled to this information quickly.

*Id.* at 26:4–21. Judge Fitzpatrick ordered the government to produce that information by 5:00 pm the next day. *Id.* at 26:21–22.

The government appealed the disclosure order. Dkt. No. 164. The Court remanded the matter to Judge Fitzpatrick "for further proceedings to analyze whether there are particularized and factually based grounds for disclosure." Dkt. No. 167 at 2.

## II.     ARGUMENT[1]

The defendant's desire to review grand jury material—either to support a Fourth Amendment claim or to find out whether privileged communications were shared with the grand jury—is insufficient to compel disclosure. The "principle of grand jury independence is firmly rooted and jealously protected in our federal system of justice," *United States v. Jefferson*, 546 F.3d 300, 312 (4th Cir. 2008), and "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). "It has long been established that the indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity, and such necessity must be shown with particularity." *United States v. Ramirez*, --- F. Supp. 3d ----, 2025 WL 3019248, at *16 (C.D. Cal. 2025) (quotation marks omitted). The importance of grand jury secrecy remains "even when the grand jury whose transcripts are sought has concluded its operations," as "courts must consider not only the immediate effects [of disclosure] upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *Douglas Oil Co.*, 441 U.S. at 222.

Federal Rule of Criminal Procedure 6(e) codifies the "long-established policy of maintaining the secrecy of grand jury proceedings." *United States v. Penrod*, 609 F.2d 1092, 1096 (4th Cir. 1979); *see also* Fed. R. Crim. P. 6(e). The Rule permits disclosure of grand jury material

---

[1] Rule 6(e) constrains the government's ability to describe what information or evidence the grand jury considered (or did not consider). Nothing in this response should be taken as a concession that particular evidence was presented to the grand jury.

4

in specific, limited circumstances. Only one is relevant here: Rule 6(e)(3)(E)(ii), which allows courts to authorize disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

A defendant moving for disclosure under Rule 6(e)(3)(E)(ii) must demonstrate that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment." *United States v. Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004) (collecting cases). This is a "heavy burden," given that "grand jury proceedings are entitled to a strong presumption of regularity." *Id.* (citing *Hamling v. United States*, 418 U.S. 87 (1974)). The burden cannot be satisfied with "conclusory or speculative allegations of misconduct." *Id.* (quotation mark omitted). And grand jury disclosure requests "will be denied in all but extraordinary circumstances." *United States v. Harris*, No. 5:07-CR-22, 2007 WL 1724298, at *5 (N.D.W.Va. June 14, 2007).

Importantly, "the desire to investigate whether any grand jury impropriety has occurred is insufficient to rebut the strong presumption of regularity in grand jury proceedings." *Nguyen*, 314 F. Supp. 2d at 617. "A contrary rule would eviscerate the shield of secrecy protecting grand juries." *Id.* If a defendant "proffers no evidence or basis to believe that any grand jury irregularity or impropriety exists, disclosure of grand jury matters is wholly unwarranted." *See id.*

When the required particularized need is shown, access to grand jury material "must be limited only to those materials actually needed in order to pursue the motion to dismiss." *United States v. Naegele*, 474 F. Supp. 2d 9, 11–12 (D.D.C. 2007). And "a blanket request for all grand jury materials cannot be described as the kind of particularized request required for the production of otherwise secret information." *Beiter v. United States*, No. 22-12282, 2023 WL 1980773, at *2

(11th Cir. Feb. 14, 2023) (unpublished).

The defendant has suggested that he needs to know what evidence was before the grand jury so he can challenge the continued use of information seized under the 2019 and 2020 warrants, *see* 11/5/25 Tr. at 23:14–24:20, and ascertain whether grand jury testimony was tainted by privileged information, Dkt. No. 106 at 18–19. But Rule 6(e) has two critical requirements that he has not met. First, Rule 6(e)(3)(E)(ii) requires the defendant to show "particularized and factually based grounds" exist to believe there were irregularities in the grand jury *before* he can access grand jury material. *Nguyen*, 314 F. Supp. 2d at 616. He has not done so. And he doesn't get to review secret grand jury material "in the hope of discovering some ground to seek dismissal of the indictment." *Id.* at 617. Second, Rule 6(e)(3)(E)(ii) requires the defendant to show "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." But even if the defendant could prove a Fourth Amendment or privilege violation occurred, it would not be "a ground . . . to dismiss the indictment." *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). So it cannot be the basis for disclosing grand jury material.

### A. The speculative belief that the grand jury may have considered improper evidence is not a valid basis to disclose grand jury information.

Rule 6(e)(3)(E)(ii) requires the defendant to produce "particularized and factually based grounds" to believe the grand jury irregularities may create a basis for dismissal. *Nguyen*, 314 F. Supp. 2d at 616. He hasn't.

The defendant argues only that there is "reason to believe" grand jury testimony may have been tainted. Dkt. No. 106 at 19. But "[s]peculation and surmise as to what occurred during the grand jury proceeding is not a substitute for fact." *United States v. Abcasis*, 785 F. Supp. 1113, 1120 (E.D.N.Y. 1992) (citation modified); *United States v. Taylor*, No. 6:21-cr-13, 2022 WL 17585255, at *3 (E.D. Ky. Dec. 12, 2022) ("Mere speculation does not establish a particularized

6

need."). He has not carried his heavy burden.

Rather than seeking disclosure "to substantiate an identified claim of grand jury abuse or impropriety," the defendant is searching for "any such abuse or impropriety in an effort to determine whether his rights have been violated." *See Nguyen*, 314 F. Supp. 2d at 614. The Rule does not allow such a "fishing expedition to see if any evidence exists to support a potential motion to dismiss the indictment." *See id.* at 617. If it did, "every defendant would seek the data sought here in the hope of discovering some ground to seek dismissal of the indictment." *Id*.

Additionally, on November 4, 2025, the defendant was provided with affidavits by two FBI special agents who possibly reviewed privileged materials. *See* Gov. Ex. 1, 2. As their affidavits indicate, neither agent was involved in the grand jury presentation, nor was the agent that testified at the grand jury presented with the alleged privileged materials.

By suggesting that he needs grand jury material to see if a Fourth Amendment or privilege violation has occurred, the defendant turns Rule 6(e) on its head. The Rule does not permit the defendant to use grand jury material to search for grounds that might support a motion to suppress or to dismiss.[2] The defendant is not entitled to access grand jury material.

### B. Even if the defendant could prove a Fourth Amendment or privilege violation, it would not be a basis to dismiss the indictment. It is therefore not a reason to disclose grand jury material.

Rule 6(e)(3)(E)(ii) also requires the defendant to show "a ground may exist to dismiss the indictment." He can't, because neither a Fourth Amendment violation nor a privilege violation in

---

[2] For the same reasons, the Court incorrectly concluded that the defendant is entitled to access to grand jury materials "in order to marry up the information that they have or the information that they will get to how it was used." 11/5/25 Tr. at 26:16–18. And it erred in providing him sweeping access to "all grand jury materials"—"anything that was said during the course of the grand jury," *id.* at 26:10–13—rather than limiting access "only to those materials actually needed in order to pursue the motion to dismiss," *Naegele*, 474 F. Supp. 2d at 11–12.

7

a grand jury presentation is a basis to dismiss an indictment.

"[T]he validity of an indictment is not affected by the character of the evidence considered." *United States v. Calandra*, 414 U.S. 338, 344–45 (1974). "Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *Id.* at 345. And "challenges to indictments will not be heard where they rest on objections to the evidence-gathering process." *See United States v. Zielezinski*, 740 F.2d 727, 732 (9th Cir. 1984); *see also In re Grand Jury Proceedings*, 142 F.3d 1416, 1425 (11th Cir. 1998) ("[T]he grand jury may consider incompetent or unconstitutionally-obtained evidence, and judicial supervision may not be sought to challenge an indictment issued on the basis thereof.").

The Supreme Court has applied that principle to hold that an indictment is not invalidated by a grand jury's consideration of evidence obtained in violation of the Fourth Amendment. *See Bracy v. United States*, 435 U.S. 1301, 1302 (1978) (Rehnquist, J., denying stay application) ("[A]n indictment is not invalidated by the grand jury's consideration of . . . evidence obtained in violation of the Fourth Amendment."). The Fourth Amendment's exclusionary rule does not apply to a grand jury investigation. *Calandra*, 414 U.S. at 349–52. Simply put, the Fourth Amendment "does not prevent the use of illegally seized evidence in grand jury proceedings." *See Stone v. Powell*, 428 U.S. 465, 485 (1976). And an indictment founded on evidence seized in violation of the accused's Fourth Amendment rights is "not thereby rendered defective." *United States v. Lawson*, 502 F. Supp. 158, 166 (D. Md. 1980). "[O]nce the grand jury has received evidence that the putative defendant contends was illegally obtained, or has heard testimony that the putative defendant contends was protected by privilege, the dismissal of the ensuing indictment is not an appropriate remedy." *In re Grand Jury Proceedings*, 142 F.3d at 1428. "Rather, the appropriate

remedy is a post-indictment motion *in limine* to suppress the use of the evidence or testimony at trial." *Id.* An alleged Fourth Amendment violation—indeed, even an *established* Fourth Amendment violation—is not a basis for dismissing the indictment.[3] So the defendant cannot show a "particularized need" to obtain grand jury material by raising the possibility of such an error.

Applying the same principles, courts have held that a grand jury's consideration of evidence gathered in violation of the attorney-client privilege "would not be grounds for dismissing the indictment." *United States v. Colasurdo*, 453 F.2d 585, 596 (2d Cir. 1971). The "attorney-client privilege is an 'evidentiary and procedural restriction applicable to a criminal trial' that is not implicated before the grand jury because the grand jury 'does not finally adjudicate guilt or innocence.'" *Taylor*, 2022 WL 17585255, at *3 (quoting *Calandra*, 414 U.S. at 349). Therefore, a motion to dismiss the indictment "based on an alleged violation of . . . the attorney-client privilege before the grand jury must be denied." *United States v. Rodolitz*, 648 F. Supp. 430, 432 (S.D.N.Y. 1986). And because "suspected privilege violations would not provide grounds to dismiss the indictment, [the defendant is] not entitled to receive the grand jury materials." *Taylor*, 2022 WL 17585255, at *3.

The defendant may argue that he cannot show a particularized need to justify discovery without first accessing the grand jury material he seeks. *United States v. Davis*, 714 F. Supp. 853, 868 n.21 (S.D. Ohio 1988). "This circularity may be frustrating, but the law nonetheless generates such a result." *Id.* And that well-established law is the reason "that motions for the disclosure of

---

[3] To be sure, the grand jury itself cannot invade a legitimate privacy interest protected by the Fourth Amendment. *Calandra*, 414 U.S. at 346. But "a Fourth Amendment violation that did not occur at the hands of the grand jury returning the indictment"—for example, by issuing an unreasonably broad subpoena—"should not bar use of that evidence by the grand jury." *United States v. Puglia*, 8 F.3d 478, 482 (7th Cir. 1993).

9

grand jury materials are rarely granted." *Id.* (quotation marks omitted). The defendant must produce evidence—apart from the transcripts—that would justify disclosure to be entitled to grand jury material. *Id.* His bald assertions and speculation about what the grand jury may have seen and considered are not enough. The defendant "surely may not compel disclosure of grand jury materials in pursuit of a fishing expedition seeking to uncover hypothetical evidence that could be used to develop an Indictment challenge that [the defendant] is not even permitted to bring." *United States v. Morris*, 572 F. Supp. 3d 323, 346 (E.D. Ky. 2021), *adopted by* 2021 WL 3832222 (E.D. Ky. Aug. 27, 2021).

Even assuming the defendant could prove that the government violated the Fourth Amendment or attorney-client privilege in its grand jury presentation (and to be clear, he cannot), the remedy would be to suppress that evidence at trial—not to dismiss the indictment. So, the defendant has not shown that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). He is not entitled to access grand jury material.

### C. In the interest of judicial efficiency, the government requests that the Court conduct an *in camera* review of the grand jury testimony to confirm the defendant's claims are baseless.

Although the grand jury's consideration of privileged material is not a basis to dismiss the indictment, courts have exercised their supervisory power to dismiss an indictment "where there has been an outrageous governmental intrusion into the attorney-client privilege." *See United States v. Rozin*, 552 F. Supp. 2d 693, 699 (S.D. Ohio 2008). Such a claim would be wholly unwarranted here, where no privileged—or even potentially privileged—information was

provided to the grand jury.[4] Nonetheless, in the interest of judicial economy, the United States requests that the Court review the grand jury testimony *in camera*. *In camera* review is the most expedient way to establish the lack of "particularized and factually based grounds" to support the defendant's claim that privileged information may have been shared with the grand jury. It will efficiently and conclusively foreclose any claim that the government committed misconduct by sharing privileged information and will prevent needless lengthening of litigation related to the filter protocol.

(remainder of page left intentionally blank)

---

[4] The defendant was removed as FBI Director on May 9, 2017. He told the Office of Inspector General that "the day after his removal, or 'very shortly thereafter,' he retained attorneys Patrick Fitzgerald, David Kelley, and Daniel Richman." Dkt. No. 138-11 at 33 (Aug. 2019 Office of the Inspector General Report). Any claim of privilege involving those attorneys would necessarily arise after May 9, 2017.

### III.     CONCLUSION

The defendant's speculative claims of Fourth Amendment and privilege violations are insufficient to compel production of any—let alone all—grand jury material. Even so, in the interest of judicial economy, the government requests that the Court undertake an *in camera* review of the transcript of grand jury testimony to confirm the baselessness of the defendant's privilege claim.

Respectfully submitted this 10th day of November, 2025.

                Lindsey Halligan
                United States Attorney
                _____/S/_____
                Gabriel J. Diaz
                Assistant United States Attorney
                North Carolina Bar No. 49159
                N. Tyler Lemons
                Assistant United States Attorney
                North Carolina Bar No. 46199
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Tel: (703) 299-3700
                gabriel.diaz@usdoj.gov
                tyler.lemons@usdoj.gov

# CERTIFICATE OF SERVICE

This is to certify that I have this 10th day of November, 2025, the government served a copy of the foregoing upon the defendant by CM/ECF to:

Jessica Nicole Carmichael
Counsel for Defendant

Patrick Joseph Fitzgerald
Counsel for Defendant

Rebekah Donaleski
Counsel for Defendant

Respectfully submitted,

_____/S/_____
Gabriel J. Diaz
Assistant United States Attorney
North Carolina Bar No. 49159
N. Tyler Lemons
Assistant United States Attorney
North Carolina Bar No. 46199
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
gabriel.diaz@usdoj.gov
tyler.lemons@usdoj.gov