UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF VIRGINIA
                        ALEXANDRIA DIVISION


UNITED STATES OF AMERICA,       :   Criminal Action
                                :   No. 1:25-cr-00272-MSN-WEF
              v.                :
                                :
JAMES B. COMEY, JR.,            :   November 10, 2025
                                :   4:00 p.m. - 4:08 p.m.
                 Defendant.     :
                                :
..............................:


              TRANSCRIPT OF TELEPHONIC PROCEEDINGS
        BEFORE THE HONORABLE WILLIAM E. FITZPATRICK,
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the United States:   UNITED STATES ATTORNEY'S OFFICE
                         Nathaniel Tyler Lemons, AUSA
                         Gabriel J. Diaz, AUSA
                         2100 Jamieson Avenue
                         Alexandria, VA 22314

For the Defendant:       CARMICHAEL ELLIS & BROCK
                         Jessica Nicole Carmichael, Esquire
                         108 North Alfred Street, 1st Floor
                         Alexandria, VA 22314

                         PATRICK FITZGERALD (Solo
                         Practitioner)
                         Patrick Joseph Fitzgerald, Esquire
                         *Pro hac vice*
                         P.O. Box 277
                         New Buffalo, MI 49117

                         COOLEY LLP (NY-NA)
                         Rebekah Donaleski, Esquire
                         *Pro hac vice*
                         55 Hudson Yards
                         New York, NY 10001


                              (Continued)

(Continued)

Court Reporter:                Diane Salters, B.S., CSR, RPR, RCR
                               Official Court Reporter
                               United States District Court
                               401 Courthouse Square
                               Alexandria, VA 22314
                               Email: Dianesalters.edva@gmail.com
                               Telephone: (301) 338-8033

Proceedings reported by machine shorthand.  Transcript produced by computer-aided transcription.

THE COURT:  Good afternoon, everyone.  This is Judge Fitzpatrick, and we're on the record in *United States v. James B. Comey Jr.*, Criminal Action 1:25-cr-272.

Who do we have on the line for the government?

MR. DIAZ:  Gabriel Diaz and Tyler Lemons, Your Honor.

THE COURT:  All right.  Good afternoon.

And who do we have for the defense?

MS. DONALESKI:  Good afternoon, Your Honor.  Rebekah Donaleski, Patrick Fitzgerald, Jessica Carmichael for the defendant, James Comey, who's also on the line.

THE COURT:  All right.

And, everyone, we do have a court reporter who is transcribing the proceedings, so please speak slowly, and please identify yourself before you speak.

Ms. Donaleski, the government has requested that I review the materials *in camera*.  I appreciate that's the position that the government takes, and it seems to make sense to me.  What's your position?

MS. DONALESKI:  Thank you, Your Honor.  We also appreciate the suggestion, but our view is that the defense is best positioned to determine whether misconduct or irregularities that occurred would be the basis to dismiss the indictment for two reasons:  First, the defense is most familiar with the defendant's attorney-client privilege and the materials at issue; and, second, the defense is best positioned

*Proceedings*

to identify where particular pieces of evidence came from with respect to these warrants, and I'm specifically referring to the materials the government produced to us last week, which we've now reviewed.

That being said, to the extent that there can be an *ex parte* submission from the defense with respect to what we've seen in the warrants or the privileged materials, we're open to doing so, but our view is that -- and we've cited case law to this effect -- the defense is really best positioned to do this.

THE COURT: All right. So in terms of an *ex parte* submission, what do you envision; like, specifically, what would you be referring to?

MS. DONALESKI: Your Honor, what I'm referring to are the materials that the defense believes are at issue with respect to Mr. Comey's privilege. We've now seen what the agent saw from the materials obtained pursuant to the Arctic Haze warrants that were not reviewed for responsiveness and that are clearly privileged. We've now seen those. So that's one aspect of this submission.

The second would be outlining what we've seen in terms of the materials produced by the government and where we believe those materials came from with respect to the four search warrants at issue. It would better enable the Court to understand what the defense has access to with respect to taint

*Proceedings*

and the unconstitutionally obtained materials.

THE COURT:  All right.  When would you be in a position to file this *ex parte* submission?

MS. DONALESKI:  We could do so by tomorrow, Your Honor.

THE COURT:  All right.

Mr. Lemons, any thoughts?

MR. DIAZ:  Your Honor, we could provide the grand jury materials to the Court *in camera*.  I'm not sure what the *ex parte* submission is going to be on the defense's side; but, again, it seems they are talking about information that would be attorney-client privilege or possibly gained, as they say, in violation of the Fourth Amendment.  Neither of those two issues go to whether an irregularity occurred in the grand jury proceeding that would cause a basis for the dismissal of that indictment, meaning something that occurred before the grand jury.  We cited several cases in our additional briefing that we filed before noon today.  We don't believe that either of those issues would get them to be able to dismiss the indictment, and, therefore, the grand jury materials should not be provided to the defense.

THE COURT:  All right.  I understand that.  And I apologize; I think I said Mr. Lemons.  I'm getting to know you all very well.  I think that was Mr. Diaz, correct?

MR. DIAZ:  I apologize, Your Honor.  Yes, this was

Proceedings

Mr. Diaz.

THE COURT:  All right.  And I understand your position.  And the question before me right now is really a very narrow one, whether or not there is a basis under 6(e)(2) for the Court to make the particularized findings necessary in order to require the disclosure, in whole or in part, of the grand jury proceedings.  So I think any *ex parte* submission that is limited to that issue, that is limited to that question would be welcome, and I'll determine what, if any, weight to give it.  But I do think review of the grand jury materials *in camera* would be helpful and would put me in a far better position than I am now to make an informed decision about, again, whether or not any of these materials should be released.  So I will grant the government's request in that regard.

Ms. Donaleski, I was hoping to get out an order as quickly as I could.  I know everybody is really busy these days, but do you have any idea tomorrow when you would be able to file your submission?

MS. DONALESKI:  We'll do everything we can to file it as soon as possible.  I would ask by noon, if that is amenable to the Court.

THE COURT:  That's fine.  That's absolutely fine.

Mr. Diaz, when would you be able to file the grand jury materials?

Proceedings

MR. DIAZ:  Your Honor, I could file the materials shortly after this hearing ends.  If you wanted the audio version, I think we could send that out electronically.  I'm not sure that I could file it.  If there's a way to get it to your clerk or someone else, we could do that within a few minutes after the hearing, sir.

THE COURT:  Okay.  All right.  That's great.  I'd ask that everything go through the clerk's office.  Provide it to them on whatever means is easiest for you all.

And, again, just to be clear, when we talk about the grand jury materials, Mr. Diaz, we're talking about, at least just for the *in camera* review, all materials up to and including how the grand jury was instructed, any other questions, communications, in addition to any testimony by any witness, correct?

MR. DIAZ:  Correct, Your Honor.  We also have 14 exhibits that we can provide.

THE COURT:  Okay.  All right.  Thank you.

All right.  I will enter an order to that effect shortly, and then I'll, obviously, consider the *ex parte* submission, I'll review the materials *in camera*, and I will endeavor to get out an order, an opinion as soon as we can.  I understand that there is a sense of urgency for everybody on this issue, and we'll get it out as quickly as we can, okay?

MR. DIAZ:  Thank you, Your Honor.

*Proceedings*

MS. DONALESKI:  Thank you, Judge.

THE COURT:  All right.  Anything else from the government?

MR. DIAZ:  No, Your Honor.

THE COURT:  All right.

Ms. Donaleski, anything else?

MS. DONALESKI:  No.  Thank you, Your Honor.

THE COURT:  All right.  Thank you all for taking time to get on the call and to do so under such short notice.  Have a great day.

                *    *    *    *    *


                CERTIFICATE OF REPORTER

     I, Diane Salters, hereby certify that the foregoing transcript is a true and accurate record of the stenographic proceedings in this matter.

                          /s/ Diane Salters
                          _____

                          Diane Salters, CSR, RCR, RPR
                          Official Court Reporter