IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States of America, )<br>)<br>v.                                             )<br>)<br>James B. Comey, Jr.,                    )<br>)<br>        Defendant.               )<br>_____ ) | Case No.: 1:25-CR-00272-MSN |

### JAMES B. COMEY, JR.'S OPPOSITION TO MOTION FOR STAY

James B. Comey, Jr., by and through undersigned counsel, respectfully files this opposition to the government's motion to stay Magistrate Judge Fitzpatrick's November 17, 2025 order directing the release of grand jury materials to the defense. ECF No. 195, 193. In a 24-page, thoroughly reasoned opinion based on Judge Fitzpatrick's own review of the grand jury materials along with the parties' briefing and oral argument, Judge Fitzpatrick carefully laid out the particularized grounds for disclosure in this case, and the government proffers no basis to disturb those findings. The motion for a stay should be denied, but to the extent the Court is inclined to grant such a stay, the Court should order an expedited two-day briefing schedule.

In any context, "[a] stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 558 (E.D. Va. 2016) (citation omitted). And there is "no support for the contention that a magistrate judge's order on a nondispositive motion . . . is automatically stayed upon timely filing of an objection to that order." *Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 584 (E.D. Va. 2010). Instead, to determine whether a magistrate judge's order should be stayed pending appeal, the Court must consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whe[re] the public interest lies." *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 09-cv-123, 2009 WL 3245396, at *1 (E.D. Va. Sept. 29, 2009).

The government has not demonstrated that it is likely to succeed on the merits of its appeal. On appeal, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a) (emphasis added). "A magistrate judge's order is clearly erroneous only when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' A magistrate judge's order is contrary to law when the order 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *SageWater, LLC v. Hossfeld*, No. 23-cv-00770-MSN-LRV, 2024 WL 4520646, at *1 (E.D. Va. Oct. 17, 2024) (Nachmanoff, J.) (citing *Attard Indus. v. United States Fire Ins. Co.*, No. 10-cv-121, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010) (citations omitted)).

Here, Judge Fitzpatrick's opinion carefully and exhaustively reviewed the relevant law, made factual findings, and found that "the procedural and substantive irregularities that occurred before the grand jury, and the manner in which evidence presented to the grand jury was collected and used, may rise to the level of government misconduct resulting in prejudice to Mr. Comey." ECF No. 193 at 20. Finding nine separate bases for believing that the government's extraordinary misconduct may provide a basis to move to dismiss the indictment, Judge Fitzpatrick determined that the need for disclosure was "essential if Mr. Comey is to fully and fairly defend himself in the face of the irregularities that have characterized this investigation from its inception," and that Mr. Comey's Due Process rights "greatly outweighed" the need for grand jury secrecy. *Id.* at 23-24.

The government contends in its motion to stay that Judge Fitzpatrick "may have misinterpreted some facts," including Mr. Comey's "standing to challenge the Richman materials, the full context of the statements made by the prosecutor to the grand jury, that Agent-3 was exposed to potentially privileged material, and that two indictments were presented to the grand jury." ECF No. 195 at 5. Not so. First, Mr. Comey does have standing to move to suppress these materials, as was briefed in this matter. *See* ECF No. 89 at 8 n.6; ECF No. 135 at 3-4. Second, it is difficult to see how Judge Fitzpatrick could "misunderstand" the nature of Ms. Halligan's statements to the grand jury when they "on their face appear to be fundamental misstatements of the law." ECF No. 193 at 15. Further, Judge Fitzpatrick reached these conclusions with the benefit of the full context of Ms. Halligan's interactions with the grand jury, according to her declaration filed on November 14, 2025, ECF No. 188-1 at 1-2. With respect to Agent-3's taint, Judge Fitzpatrick reasonably raised significant concern that Agent-3 proceeded to testify in the grand jury after being provided a "limited overview" (which the government did not explain) by agents who had unquestionably been exposed to privileged materials as a result of their warrantless search and total disregard for Mr. Comey's privilege. *Id.* at 13. Judge Fitzpatrick's conclusion—that the "government ignores the . . . prospect that privileged materials were used to shape the government's presentation and therefore improperly inform the grand juror's deliberations," *id.* at 14-15, fully answers, and renders nonresponsive, the government's observation that Judge Fitzpatrick "did not immediately recognize any overtly privileged communications." ECF No. 195 at 5 (quoting ECF No. 192 at 14). Besides, as Mr. Comey has explained, only the defense is fully in a position to evaluate whether privileged materials were used before the grand jury, making it all the more essential that the grand jury materials be provided to him.

Moreover, with respect to the presentment, the affidavit Ms. Halligan voluntarily presented raised significant concerns about whether the operative indictment was actually presented to the grand jury, and if so, by whom. The logical conclusion from Ms. Halligan's declaration is that no one from the government presented a new indictment to the grand jury after it issued a no bill. Ms. Halligan's declaration attests that *she* did not reappear before the grand jury upon learning of the grand jury's vote to no bill the indictment she presented between 2:18PM and 4:28PM. *See* ECF No. 188-1 at 2 ("During the intermediary time, between concluding my presentation and being notified of the grand jury's return, I had no interaction whatsoever with any members of the grand jury."). And, importantly, she asserts that "the transcript accurately reflects the *entirety* of the government's presentation and presence in front of the grand jury. There was no additional presentation, interaction, or discussion with the grand jury outside of what is reflected in the transcript." ECF No. 188-1 at 1 (emphasis added). If no one from the government presented the operative indictment, as logically follows from Ms. Halligan's own assertions and her ultimate handing up of a purported indictment that differs from the one partially no true billed, then the grand jury did not vote on it. *See* ECF No. 193 at 17-18.

Finally, the government ignores Judge Fitzpatrick's finding that Ms. Halligan misstated two key issues of law to the grand jury. First, he found that Ms. Halligan "suggest[ed] to the grand jury that Mr. Comey does not have a Fifth Amendment right not to testify at trial." ECF No. 191 at 15. Second, he found that Ms. Halligan "clearly suggested to the grand jury that they did not have to rely only on the record before them to determine probable cause but could be assured the government had more evidence—perhaps better evidence—that would be presented at trial." *Id.* at 16. He then made clear that those statements "could reasonably form the basis for the defense to challenge whether the grand jury proceedings were infected with constitutional error." *Id.* at

4

22. The government has not even attempted to demonstrate why it is likely to succeed in appealing that conclusion. This Court should deny the government's stay motion on that basis alone.

The defendant faces trial in seven weeks on an indictment that the government secured through what appear to be significant and prejudicial constitutional errors that affected Mr. Comey's fundamental rights. The government has had the Richman Warrant materials for more than five years; it knew of the taint and privilege issues caused by its conduct in mid-September 2025, yet delayed for 31 days in raising these issues before the Court on October 13, 2025. ECF No. 193 at 14. The government's severe misconduct before the grand jury in this matter provides an additional basis for Mr. Comey to move to dismiss this deeply flawed indictment; Mr. Comey must have the grand jury minutes to do so. The government should not be permitted to use delay to further frustrate Mr. Comey's constitutional rights—the government's abusive conduct has already unjustifiably prejudiced Mr. Comey and continues to do so each day that he is under the pall of unlawful and unwarranted charges. Each judge who has reviewed these grand jury materials—even without the benefit of informed and necessary guidance by the defense—has raised significant concerns about the government's conduct. It follows, then, that it is even more imperative that the defense be permitted an opportunity to review these materials to identify just how significant the government's misconduct was in securing this indictment and to file an appropriate motion. And with a trial date rapidly approaching, further delay in providing the defense with these materials, pursuant to the protective order, threatens to undermine the speedy and efficient conduct of these proceedings.

It is vital to observe that the government has identified little on its side of the scales. Judge Fitzpatrick enumerated the attenuated basis for claims of grand jury secrecy in this case. ECF No. 191 at 23-24. Those claims to secrecy, which are "only moderately applicable to this case," *id.*,

should not prevail over a prompt opportunity for Mr. Comey to assert claims that show that prejudicial misconduct lies at the root of this prosecution. That is particularly true because Judge Fitzpatrick has already found it necessary in the interest of resolving the disclosure motion to write an opinion significantly lifting the veil of secrecy. The government has not, and cannot, object to that judicial action. And further attenuating the government's interests, disclosure under the protective order means that only Mr. Comey and counsel will have access to the grand jury materials; in the event that this Court were to see matters differently than Judge Fitzpatrick, the remedy can be to preclude use of those materials in moving to dismiss or otherwise (without judicial permission).

In sum, because the government has proffered no basis to believe that it has a reasonable likelihood of success on the merits, and because the government's proposal injects further delay that poses an obstacle to the orderly disposition of the threshold legal issues that must be resolved before trial can commence, the motion for stay should be denied. To the extent, however, the Court is inclined to grant a stay, the defense requests an expedited briefing schedule given the proximity of the trial date and the significant government misconduct apparent from Judge Fitzpatrick's opinion: the government's motion should be due November 18, 2025 at 5:00 p.m., and the defense's opposition should be due November 19, 2025 at 5:00 p.m.

Dated: November 17, 2025 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　JAMES B. COMEY, JR.
　　　　　　　　　　　　　　　　　　　By Counsel

　　　　　　　　　　　　　　　　　　　*/s/   Jessica Carmichael*
　　　　　　　　　　　　　　　　　　　Jessica N. Carmichael (VA Bar No. 78339)
　　　　　　　　　　　　　　　　　　　CARMICHAEL ELLIS & BROCK, PLLC
　　　　　　　　　　　　　　　　　　　108 N. Alfred Street, First Floor
　　　　　　　　　　　　　　　　　　　Alexandria, VA 22314
　　　　　　　　　　　　　　　　　　　Telephone:  (703) 684-7908
　　　　　　　　　　　　　　　　　　　Facsimile:  (703) 649-6360
　　　　　　　　　　　　　　　　　　　Email:  jessica@carmichaellegal.com

　　　　　　　　　　　　　　　　　　　Patrick J. Fitzgerald (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　(Mich. Bar No. P86579)
　　　　　　　　　　　　　　　　　　　P.O. Box 277
　　　　　　　　　　　　　　　　　　　New Buffalo, MI 49177
　　　　　　　　　　　　　　　　　　　Telephone:  (312) 758-4454

　　　　　　　　　　　　　　　　　　　Rebekah Donaleski (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　COOLEY LLP
　　　　　　　　　　　　　　　　　　　55 Hudson Yards
　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　Telephone:  (212) 479-6000

　　　　　　　　　　　　　　　　　　　Ephraim A. McDowell (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　Elias S. Kim (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　COOLEY LLP
　　　　　　　　　　　　　　　　　　　1299 Pennsylvania Ave. NW, Suite 700
　　　　　　　　　　　　　　　　　　　Washington, DC 20004
　　　　　　　　　　　　　　　　　　　Telephone:  (202) 842-7800

　　　　　　　　　　　　　　　　　　　Michael R. Dreeben (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　600 New Jersey Ave. NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　Telephone:  (202) 695-2562

　　　　　　　　　　　　　　　　　　　*Counsel for Defendant James B. Comey, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of November, 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jessica N. Carmichael*
Jessica N. Carmichael

*Counsel for Defendant James B. Comey, Jr.*