IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | Case No.: 1:25-CR-00272-MSN |
| ) | |
| James B. Comey, Jr., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### JAMES B. COMEY, JR.'S NOTICE ON CIPA DEADLINES

James B. Comey, Jr., by and through undersigned counsel, submits this notice in response to the Court's November 19, 2025 Order directing the parties to submit a proposed Classified Information Procedures Act ("CIPA") briefing schedule. ECF No. 198. For the reasons that follow, Mr. Comey is not and does not expect to be in a position to file a Section 5 motion within two weeks, and respectfully requests that the Court set a status conference, pursuant to Section 2 of CIPA, for December 9, 2025, at which time the government can update the Court and the parties on its efforts to respond to the defense's declassification requests, the defense will have further opportunity to review the material produced by the government, and the parties can propose a CIPA schedule. The government consents to this motion.

Factual Background

As the Court is aware, the original CIPA schedule proposed by the parties on October 13, 2025, was premised on (1) Mr. Fitzgerald receiving his clearance in a timely fashion; and (2) that all classified materials are made available to the defense in a reasonable period of time. ECF No. 118. Mr. Fitzgerald received his final clearance on November 18, 2025. ECF No. 198. As noted in the defense's prior filing, the government made voluminous classified materials available to the defense, which are located in multiple different locations and required additional clearances and

compartments. ECF No. 118. In that filing, the defense noted that because the defense is not aware of the contours of the government's case, and the government has declined to provide a bill of particulars, the defense made broader *Brady* and discovery requests to the government than it otherwise would have that called for the production of voluminous classified information based on its best guesses of what the government's case was about. *Id.*

<u>Reasons for the Requested Hearing and Adjournment of Deadlines</u>

The defense has worked diligently to review the materials produced by the government and meet and confer with the government regarding its discovery and *Brady* requests and requests for declassification. The government has declassified materials that are currently in the defense's secure compartmented information facility ("SCIF"), and the defense understands the government is working to declassify additional materials. Nonetheless, the defense is not in a position to file a Section 5, and will not be in the position to do so, unless and until the following occurs:

*First*, the government must produce the classified discovery at issue. On October 29, 2025, and November 19, 2025, the defense made discovery and *Brady* requests to the government that called for the production of additional classified information and the declassification of certain materials. *See* ECF No. 204-2 (Requests Eleven and Twelve) and 204-4 (Request Fourteen). With respect to the defense's requests, the government reported today, November 21, 2025, that they had requested authorization for the defense to have access to certain counterintelligence operational leads ("CIOLs"), but that they were held at high classification levels. Needless to say, to the extent Count Two relates to a CIOL, and Mr. Comey's purported memory of a CIOL, it is necessary for the defense to review the CIOL and any other relevant CIOLs. That has not happened.

*Second*, the government represents that it is working to declassify materials currently in the defense SCIF, including a portion of the Arctic Haze case file, in response to the defense's request. To the extent the government is able to declassify the materials the defense seeks, that would obviate the need for classified litigation and preserve judicial resources. The government represents that this is an ongoing process. The defense has requested that the government declassify the case file in this matter, the Arctic Haze matter, and the Durham Special Counsel investigation, and to the extent the government cannot declassify those materials, the defense has asked the government to identify those materials and why they cannot be declassified. ECF No. 204-2. The defense expects this will narrow the issues for any potential CIPA filing, but it has not yet occurred.

*Third*, as the Court is aware, the defense's Section 5 filing is a notice of the defense's intent to disclose classified information. *See* 18 U.S.C. App. III § 5. However, the defense SCIF contains considerable quantities of *unclassified* materials, both because they are marked as such or because they have since been declassified by the government. In the government's view, the defense must specifically identify the materials the defense believes are unclassified, so that the FBI may evaluate that designation and decide whether the defense can take unclassified material out of the SCIF. The defense, however, is not able to sift through voluminous materials in the SCIF, compare them to the 300,000 pages of discovery produced by the government (without a computer), and one-by-one identify what the government has already declassified or marked as unclassified. The government, on the other hand, knows what materials it has declassified and marked as unclassified. Moreover, the government has informed the defense that even materials that are marked as unclassified may, in fact, be classified depending on their proximity in substance to other materials, classified or unclassified. Such a moving target leaves the defense, and eventually

the Court, unable to properly prepare for or engage in a Section 5 analysis if the government endorses what amounts to a "mosaic" theory of classification divorced from the actual classification markings on the documents themselves. In any event, the large and growing quantity of unclassified materials in the SCIF hampers the defense's ability to file a Section 5.

*Fourth* and most critically, the defense continues to be hampered by the government's refusal to provide a bill of particulars or factual basis for the charges at issue. The defense needs this information not only because trial is six weeks away, but of critical relevance here: the defense cannot tailor its requests to the government or Section 5 filing without knowing what the case is about. Absent this information, the defense may be left to file an extraordinarily broad Section 5, which would be necessitated by the government's failure to provide the proper notice and information to which the defense is entitled. That would not only be a waste of judicial resources, but of the defense's pretrial preparation time.

And *fifth*, the defense has requested that Mr. Comey be permitted to review and discuss the same classified materials that counsel has access to so that we may prepare his defense. The defense has asked the government to initiate that process as quickly as possible.

For these reasons, the defense asks that the Court set a Section 2 status hearing for December 9, 2025, following the oral argument on the remaining motions to discuss the above issues and set a proposed CIPA schedule. As noted, the government consents to this motion.

Dated: November 21, 2025                    Respectfully submitted,

                                                   JAMES B. COMEY, JR.
                                                   By Counsel

                                                 */s/ Jessica Carmichael*
                                                 Jessica N. Carmichael (VA Bar No. 78339)
                                                 CARMICHAEL ELLIS & BROCK, PLLC
                                                 108 N. Alfred Street, First Floor

Alexandria, VA 22314
Telephone: (703) 684-7908
Facsimile: (703) 649-6360
Email: jessica@carmichaellegal.com

Patrick J. Fitzgerald (*pro hac vice*)
(Mich. Bar No. P86579)
P.O. Box 277
New Buffalo, MI 49177
Telephone: (312) 758-4454

Rebekah Donaleski (*pro hac vice*)
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000

Ephraim A. McDowell (*pro hac vice*)
Elias S. Kim (*pro hac vice*)
COOLEY LLP
1299 Pennsylvania Ave. NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800

Michael R. Dreeben (*pro hac vice*)
600 New Jersey Ave. NW
Washington, DC 20001
Telephone: (202) 695-2562

*Counsel for Defendant James B. Comey, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of November, 2025, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  Jessica N. Carmichael
Jessica N. Carmichael

*Counsel for Defendant James B. Comey, Jr.*