**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **United States of America** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25CR272** |
| | ) | |
| **James Comey** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO AMEND AND CLARIFY**
**PROTECTIVE ORDERS AND FOR EXPEDITED REVIEW**

Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JAMES B. COMEY, JR.,<br>*Defendant*. | Criminal No. 1:25-CR-00272-MSN |

**PROTECTIVE ORDER**

Before the Court are the parties' competing requests for entry of a protective order. This order restricts the disclosure and dissemination of certain documents, electronic records, and other information produced by the United States to the defendant as part of the government's discovery obligations in this case. These particular documents, electronic records, and other information ("Protected Materials"), shall be subject to the following Order:

1. As used in this Order, the term "Protected Materials" means: (1) documents containing information described in Fed. R. Crim. P. 49.1; (2) documents subject to controlled usage and disclosure, such as documents that are "Law Enforcement Sensitive" or "For Official Use Only"; (3) documents that have been filed under seal with the court and continue to be maintained under seal; and (4) documents that may be within the scope of the grand jury secrecy and disclosure provisions of Fed. R. Crim. P. 6(e), such as transcripts of witness testimony (other than the defendant's own statements before the grand jury).

2. The government shall disclose Protected Materials to the defendant as part of its discovery obligations, in accordance with the Federal Rules of Criminal Procedure, relevant case

law, and any Discovery Order entered in the case. To designate material covered by this Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on digital storage media cover or label, by using the following designation: "PROTECTED MATERIAL." Where Protected Materials are produced electronically on disc, only the physical disc (and not the individual electronic files) must be labeled "PROTECTED MATERIALS." Where Protected Materials are produced electronically via file sharing services (i.e., USAfx, DropBox), the particular electronic folder (and not the individual electronic files) must be labeled "PROTECTED MATERIALS."

3. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection in any other proceeding or against any third party that could or may be asserted by the holder of any such privilege or protection. Access to Protected Materials shall be restricted to persons authorized by this Order, namely the defendant, the defendant's attorney(s), and the employees of the defendant's attorney(s) who are performing work on behalf of the defendant, as well as any consultants or experts assisting the defendant's attorney(s) in the preparation of this case.

4. The following restrictions are placed on the defendant, the defendant's attorneys, and the above-designated individuals, unless and until further ordered by the Court. The defendant, the defendant's attorney(s), and the above-designated individuals shall not:

a. make copies of Protected Materials for, or allow copies of any kind to be made by, any other person;

b. allow any other person to read Protected Materials; or

c. use the Protected Materials or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

5. The defendant's attorney(s) shall inform any person to whom disclosure may be

made pursuant to this Order of the existence and terms of this Order.

6. Nothing in this Order shall restrict use by the defendant's attorney(s) of Protected Materials or information during the defendant's investigation of the allegations and preparation of their defenses or introduction as evidence at trial, except that the Defense will notify the government prior to trial or any hearing of any Protected Materials that it wishes to introduce at trial or any hearing in this matter so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Nothing in this Order shall restrict the defendant's attorney(s) from providing any prospective defense witnesses or their counsel Protected Materials or information therefrom, to the extent deemed necessary by the defendant's attorney(s) for trial preparation, so long as any such prospective defense witnesses and their counsel agree to be bound by the terms of this Order. Where appropriate, however, the defendant's attorney(s) must redact any personal identifying information in the Protected Materials, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005, Local Rule Amendments Concerning Personal Identifiers.

7. Prior to the disclosure of any Protected Materials to a person not identified in Paragraph 4 of this Order, counsel for the defendant must first receive permission from the Court for such disclosure. Such permission may be requested *ex parte*.

8. The defendant's attorney(s) may, at any time, notify the government that defense counsel does not concur in the designation of documents or other materials as "PROTECTIVE MATERIALS." If the government does not agree to de-designate such documents or materials, the defendant's attorney(s) may thereafter move the Court for an order de-designating such documents or materials.

9. Upon conclusion of this action, and to the extent consistent with the ethical responsibilities of defense counsel, the defendant' attorney(s) shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Materials within a

reasonable period of time, not to exceed thirty days after the last appeal is final.

IT IS SO ORDERED.

/s/

The Honorable Michael S. Nachmanoff
United States District Judge

Date: October 13, 2025
Alexandria, Virginia